UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEW ENGLAND STORM, LLC and )
MELISSA KORPACZ, JD, )
 )
        Plaintiffs, )
  v. ) Civil Docket Number:
 ) 04-10735-RWZ
WOMEN'S PROFESSIONAL FOOTBALL )
LEAGUE ("WPFL"), et al., )
 )
        Defendants. )
 )

## DEFENDANTS' MOTION TO DISMISS

COMES NOW the Women's Professional Football League ("WPFL"), Lisa I. Vessey, Beth Markell, Charlene Daniels, Jennifer Cada, Robin Howington, Dawn Berndt, Shelly Squires, Jody Taylor, Long Beach Aftershock, Ester Pichardo, Debbie Gentz, The Toledo Reign, Beth Razzoog, Delaware Griffins, Alena Malatesta, Dayton Rebellion, Sarah McClain, Syracuse Sting, Cabrina Gilbert, Houston Energy Football, Inc., Arizona Caliente, Indiana Speed, Sandy Ballard, Missouri Avengers, Becky McCann, Minnesota Vixen, Dallas Diamonds, Kristy Benenhaley, New York Dazzles Football, Neil Scheier, Los Angeles Amazons, Aubrey Duncan, Kay Carter, Southern California Scorpions, Christine Sugget, Ann Bagala, and Natalie Gorman (collectively, "Defendants") and, pursuant to FED. R. CIV. P. 8, FED. R. CIV. P. 11(a), as well as LR 5.1(a)(1), LR 83.5.2(b), and LR 83.5.3(c), respectfully move this Court to dismiss Plaintiffs' Verified Complaint or, in the alternative, to require plaintiffs to re-plead in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. In support thereof, Defendants would respectfully show unto this Court as follows:

## Facts and Legal Authority

Plaintiffs file suit against at least 55 different individuals and entities, alleging 19 different causes of action.[1]  See Verified Complaint, attached as Exhibit A.  There are 2,995 numbered paragraphs in the 596-page Verified Complaint filed by plaintiffs.  Id.  In all probability, however, the Verified Complaint actually contains in excess of 4,000 numbered and lettered paragraphs and sub-paragraphs, because approximately 92 numbered paragraphs also contain multiple lettered sub-paragraphs.[2]  Id.  If one were to read the Verified Complaint at the rate of one page per minute, it would take almost ten hours to read the entire document.

FED. R. CIV. P. 8(a) requires pleadings to include a "short and plain" statement of the grounds for jurisdiction, the claims presented, and the relief sought.  FED. R. CIV. P. 8(e) also requires pleadings to be "simple, concise, and direct."  Case law in this Circuit indicates the Verified Complaint runs afoul of these Rule 8 requirements.  In Kuehl v. FDIC, 8 F.3d 905 (1st Cir. 1993), the First Circuit upheld the trial court's dismissal of plaintiff's 43-page, 358-paragraph complaint for failure to conform to "the concise pleading requirements" of Rule 8.  Id., at 906.  See also, Vakalis v. Shawmut Corp., 925 F.2d 34, 35 (1st Cir. 1991)(103-page, 200-paragraph complaint found to violate Rule 8); Mangan v. Weinberger, 848 F.2d 909, 911 (1st Cir. 1988)(622-page, 1,800-

---

[1] The exact number of defendants is unclear, since the Minnesota Vixen Board of Directors has been sued collectively, without naming any individual directors.  See Verified Complaint at ¶ 16.

[2] For instance, some numbered paragraphs have in excess of 80 lettered sub-paragraphs each (e.g., ¶2689 (a-pppp); ¶2700 (a-vvvv); ¶2710 (a-ssss)).

paragraph consolidated complaints were "unnecessarily verbose, confusing, and conclusory" and wholly failed to comply with Rules 8 (a) and (e)); see generally, 5 Wright & Miller, *Federal Practice and Procedure* § 1281 (2 ed. 1990)("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.").

In addition to prolixity, the Verified Complaint suffers from two other defects. First, the pleading is not signed. Signature is required by both FED. R. CIV. P. 11(a) and LR 5.1(a)(1). Plaintiff Melissa Korpacz was informed of this defect on April 23, 2004 and, by letter dated April 26, 2004, responded: "The Final sheet on the complaint was inadvertently left without my signature; accordingly said page will be amended with the Court and will be re-sent to your office." See April 26, 2004 Letter to Carlton Wilde, attached as Exhibit B. To date, no signature page has been filed or received by Defendants.

Perhaps of greater concern than the unsigned pleading is the fact that Melissa A. Korpacz, counsel for plaintiffs, is not licensed to practice law in Massachusetts. See Exhibit B at ¶ 2. This defect is particularly problematic because of confusion surrounding both the number of parties-plaintiff in this case and the role Ms. Korpacz is playing. The style of the Verified Complaint indicates it is brought on behalf of two plaintiffs: the New England Storm, L.L.C. and Melissa A. Korpacz, JD. The section of the Complaint listing the parties, however, only references the New England Storm. Even though Ms. Korpacz is referenced in the style of the case, there is no indication she is representing

3

herself *pro se*. Adding to the confusion, the "signature" page of the Verified Complaint concludes as follows:

> PLAINTIFF
> NEW ENGLAND STROM, LLC
> MELISSA A. KORPACZ, JD

Verified Complaint at p. 596.

Ms. Korpacz's unlicensed status is a curable defect in one respect, but fatal in another. For although Ms. Korpacz certainly has a statutory right to represent herself--once she complies with LR 83.5.2(b)--she cannot represent the New England Storm. For one of the "time-hallowed restrictions" on corporations is that, in court proceedings, they must be represented by a licensed attorney. *Piscitello v. Hobart Corp.*, 799 F. Supp. 224, 225 (D. Mass. 1992) (quoting *In re Las Colinas Dev. Corp.*, 585 F.2d 7, 13 (1st Cir. 1978), cert. denied sub nom., *Schreibman v. Walter E. Heller & Co.*, 440 U.S. 931 (1979); see also *In re Victor Publishers, Inc. v. Pace*, 545 F. 2d 285, 286 (1st Cir. 1976)(corporation may be represented only by licensed counsel); *accord*, LR 83.5.3 (a person who is not a member of this Court is allowed to practice before this Court only in her own behalf).

### Conclusion

Defendants' motion to dismiss should be granted for three reasons. First, the 596-page, 4,000-paragraph Verified Complaint fails to satisfy the "short and plain...simple, concise and direct" requirements of Rule 8. Second, the lack of signature and *pro se* designation further violates Rule 11, LR 5.1(a)(1), LR 83.5.2(b) and LR 83.5.3(c). Finally, the corporate plaintiff New England Storm can only be represented by a licensed attorney. For these reasons Plaintiffs' Verified Complaint

should be dismissed or, in the alternative, plaintiffs should be required to re-plead in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

### Request for Hearing

Defendants request a hearing on their Motion to Dismiss if the Court deems such hearing necessary.

### LR 7.1(A)(2) Certification

Pursuant to LR 7.1(A)(2) counsel for Defendants hereby certifies that counsel for the parties have conferred and attempted in good faith to resolve or narrow the issues contained in this motion.

Defendants,
By their Attorneys,

Brian D. Gross
BBO No. 637718
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 022110-3536
(617) 737-3100

Dated: May 10, 2004

### CERTIFICATE OF SERVICE

I, Brian D. Gross, attorney for the Defendants in the above-captioned action, hereby certify that I served a copy of the foregoing to all counsel of record via first class mail, postage prepaid on this 10th day of May, 2004.

Brian D. Gross

124609v1