UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO: 04-10735-RWZ

NEW ENGLAND STORM, LLC.,  )
MELISSA A. KORPACZ, JD    )
    Plaintiffs,          )
                          )
v.                        )
                          )
WOMEN'S PROFESSIONAL FOOTBALL LEAGUE ("WPFL") et al  )

### PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER

Pursuant to the provisions of Fed.R.Civ.P. 65, Plaintiff Melissa A. Korpacz and New England Storm, LLC. ("hereinafter Plaintiff") hereby moves this Honorable Court for an emergency temporary restraining order against Defendants to either:

A - Enter an order requiring that (1) Plaintiff Korpacz and her team, New England Storm Women's Professional Football ("WPFL") Team be allowed to participate in the 2004 WPFL Season and be placed on the upcoming schedule set to be released May 15, 2004; (2) Plaintiff Korpacz be authorized and permitted access to all Board meetings and voting matters until this matter is resolved on its merits; (3) the New England Storm logo be placed back on the WPFL website; (4) the Notice of Expulsion issued by the WPFL Commissioner on March 7, 2004 be vacated and removed from the WPFL website pending the outcome of this litigation;

**OR**

B – Enter an order (1) enjoining Defendants from releasing the WPFL schedule without the Plaintiff and her team listed on said schedule, (2) enjoining Defendants from playing football or engaging in the business of women's football under the auspices of

1

"WPFL", "Women's Professional Football League" or *any* other name in the United States, including but not limited to playing football in general, and/or operating as a football franchise, etc.; and (3) enjoining the Defendants from engaging in any football business relationships with any/all of the persons and entities named in the Complaint.

As grounds for this motion, Plaintiff submits its accompanying Memorandum In Support of this Request for Emergency Temporary Restraining Order, the Declaration of Melissa Korpacz and Exhibits thereto, all of which are being filed contemporaneously herewith. A Verified Complaint was previously filed with this Court on April 12, 2004. Plaintiff is also filing contemporaneously herewith its Proposed Temporary Restraining Order.

**STATEMENT OF FACTS**

Plaintiff Korpacz is the Owner and General Manager of New England Storm, Women's Professional Football Team, sister team to the World Champion New England Patriots. The New England Storm holds a football roster of 45, has a medical staff of 7, coaching staff of 6 and management staff of 6. The New England Storm has been in existence since 1999 and until recently was a Member Team in the Women's Professional Football League. Plaintiff Korpacz is also one of three Founding Members and 1/3 owner in the WPFL.

On March 6, 2004 at a semi-annual owners meeting, the WPFL and listed individual ad Defendants currently associated with the WPFL illegally colluded to and did so expel Plaintiff Korpacz and her Founding Team, New England Storm from the WPFL to benefit their own hidden agendas. The ongoing treatment, expulsion and hearing of Plaintiff Korpacz' and her team's expulsion were in direct violation of the

WPFL Bylaws. At the time of said expulsion only three-listed Defendant's (including Plaintiff) had authority to conduct any WPFL business and/or represent them as the WPFL Board of Directors as they had Member Team License Contracts, which do not expire. All remaining Defendant's had Associate Team License Agreements and their respective Team contracts had expired on December 31, 2003 of the previous year. Said Defendant's refused to re-sign new contracts until the Founding Members issued a new proposed restructure that would place all teams on an equal status as the Founding Members. To this date the Defendant's have not executed contracts with the WPFL or the Plaintiff and are illegally representing them as the WPFL Board of Directors and continuing to conduct WPFL business without the authority to do so.

As stated previously, Defendants are former Associate Teams who until recently were legally affiliated with the WPFL. That affiliation terminated on December 31, 2003. Despite the fact that the Defendant's have no legal authority to continue to engage in WPFL business, they not only removed Plaintiff from positions within the WPFL as a Founding Member, they additionally expelled her and her team, thus taking away her entire territory within New England she has acquired over the past five years, taken all Plaintiff proprietary rights and investment of over $250,000.00 she has injected into the WPFL in which she created with only three teams and has since grown to 18 teams. Additionally, within the past month since the Plaintiff's expulsion, Defendants have held several meetings to discuss the restructure of the WPFL, yet again still to this date have no signed no contracts. Defendant's have also within the past month continued to represent themselves s the WPFL Board of directors, spend money from the WPFL Bank account, utilize all proprietary rights belonging to the Plaintiff that were unilaterally

3

taken from Plaintiff upon her expulsion and sign additionally teams into the league. Plaintiff has been informed regularly of Defendant's continuous illegal behaviors and has obtained additionally information that Defendant's intend to breach their irrevocable contract with WPFL Promotions, LLC in which Plaintiff is also a majority shareholder.

Defendants have no authority and/or permission from Plaintiff to engage in any of these activities or to continue to represent them or bar Plaintiff from the WPFL or WPFL business. Simply because there are more Associate teams in number, that does not give them the authority to illegally bar, expel or suspend Member Teams and/or Founding Members from their league. Defendants have knowingly and willfully violated Plaintiff's copyrights, proprietary rights and various common law and state law rights as well as the rights guaranteed to Plaintiff in the WPFL Bylaws. Plaintiff has demanded, in writing, that Defendants immediately cease and desist and refrain from their illegal activities and taking of WPFL funds and account for their priors taking of WPFL funds, but Defendants have refused to do so.

On information and belief, Defendants will be issuing the 2004 WPFL game schedule on May 15, 2004. The New England Storm and Plaintiff Korpacz' reputation, business ethics both here in New England and across the United States as well as the future of the league in which she helped create will be irreparably harmed unless this Court grants this requested emergency TRO prior to May 15, 2004. This TRO will preserve the status quo for the Plaintiff who will ultimately have her day in court to have the Defendant's answer for their illegal actions, which took place up to and including March 6th and 7th 2004 when the illegal expulsion of Plaintiff Korpacz and her team took place.

4

In conclusion, unless Defendants are restrained and enjoined by this Court from the below prior to the issuing of the 2004 Schedule on may 15, 2004, Plaintiff will suffer further immediate and irreparable harm by Defendants. For these reasons, Plaintiff respectfully requests entry of its Proposed Emergency Temporary Restraining Order as soon as possible as to the following:

A - Enter an order requiring that (1) Plaintiff Korpacz and her team, New England Storm Women's Professional Football ("WPFL") Team be allowed to participate in the 2004 WPFL Season and be placed on the upcoming schedule set to be released May 15, 2004; (2) Plaintiff Korpacz be authorized and permitted access to all Board meetings and voting matters until this matter is resolved on its merits; (3) the New England Storm logo be placed back on the WPFL website; (4) the Notice of Expulsion issued by the WPFL Commissioner on March 7, 2004 be vacated and removed from the WPFL website pending the outcome of this litigation;   **OR**

B -- Enter an order (1) enjoining Defendants from releasing the WPFL schedule without the Plaintiff and her team listed on said schedule, (2) enjoining Defendants from playing football or engaging in the business of women's football under the auspices of "WPFL", "Women's Professional Football League" or *any* other name in the United States, including but not limited to playing football in general, and/or operating as a football franchise, etc.; and (3) enjoining the Defendants from engaging in any football business relationships with any/all of the persons and entities named in the Complaint.

Respectfully submitted,

Dated: May 13, 2004

*/s/ Melissa A. Korpacz*
Melissa A. Korpacz. - Pro Se Plaintiff
P.O. Box 808 Medford, MA 02155
781-866-9700 (phone) 781-393-0665 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by facsimile and first class mail on May 13, 2004:

Brian D. Gross
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110

Carlton D. Wilde, Jr.
FRANKLIN, CALDWELL & JONES, PC
1001 McKinney, 18th Floor
Houston, TX 77002

*/s/ Melissa A. Korpacz*

6