UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

CIVIL ACTION 2004 MAY 26 P 12: 49
NO: 04-10735-RWZ
U.S. DISTRICT COURT
DISTRICT OF MASS.

NEW ENGLAND STORM, LLC., )
MELISSA A. KORPACZ, JD )
    Plaintiffs, )
     )
     )
v. )
     )
WOMEN'S PROFESSIONAL )
FOOTBALL LEAGUE ("WPFL") et al )
     )

**SECOND SUPPLEMENTAL DECLARATION OF MELISSA KORPACZ IN SUPPORT OF PLAINTIFFS' RENEWED REQUEST FOR EMERGENCY TEMPORARY RESTRAIING ORDER**

I, Melissa Korpacz, do hereby declare and state that the following is based upon my personal knowledge and I believe all of my statements to be true, except where based upon information and belief, and as to those statements, I am informed and believe them to be true.

1.     Attached hereto are the Original WPFL Bylaws executed and ratified by the Founding Members on January 17, 2002 and signed by all three Founding Members on March 8, 2002. (Exhibit 1)

2.     Attached hereto are the unexecuted Bylaws that Defendants have relied upon up to and during the expulsion of Plaintiffs. (Exhibit 2)

3.     Article XXI of the Original Bylaws require either (a) affirmative vote of 2/3 of the entire Board, if notice of a proposed amendment was submitted in writing…to every Director at least fourteen (14) days before the meeting, or (b) a unanimous vote of all the Directors, if the above notice provision is not satisfied.

4.    No proposed amendment of the original Bylaws was ever issued in writing to every Director at least fourteen (14) days before any meetings in which the Bylaws were subsequently changed.

5.    Because there are no minutes ever properly recorded there is no record of compliance with section b of Article XXI of the original WPFL Bylaws, which required a unanimous vote of all the Directors, if the above notice provision is not satisfied.

6.    The only copy of WPFL Bylaws on file with signatures is the original Bylaws ratified by the Founding Members.

7.    On information and belief, Defendants have ignored this Court's Order issued from the bench on May 14, 2004 by releasing the 2004 WPFL schedule without Plaintiff Storm to certain team owners, who in turn notified their players and staff of the schedule.

8.    Plaintiffs have been communicating with the Northern Ice owners and were in the process of preparing a Declaration in support of Plaintiffs' renewed TRO request to be submitted to this Court. On May 26, 2004, Plaintiff Korpacz and Attorney O'Konski received a telephone call from the Northern Ice Attorney, Robert Hankel. Attorney Hankel indicated that the WPFL instructed the Northern Ice to cease all communications with Plaintiff Korpacz and Plaintiff Storm regarding the issues in this lawsuit, otherwise the implication was that they would face severe penalties up to and possibly including expulsion. All communications with the Northern Ice have ceased because of this.

9.      Since the May 14, 2004 hearing and because of the uncertain future of Plaintiff

Storm playing this season in the WPFL, I have received formal resignations from

my head coach, medical director and several veteran players.  I have also had

numerous potential rookies walk away from the franchise and refuse to continue

with Plaintiffs.  It is my belief that players and staff will continue to resign given

the state of uncertainty, in turn, rendering it virtually impossible for me to field a

team under these circumstances if the WPFL is not immediately enjoined.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26 day of May 2004 at Boston, Massachusetts.

Melissa A. Korpacz