UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 16 P 3:47

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| NEW ENGLAND STORM, LLC and MELISSA KORPACZ, JD, | ) )  ) |
| Plaintiffs, | ) |
| v. | ) )  ) |
| WOMEN'S PROFESSIONAL FOOTBALL LEAGUE ("WPFL"), et al., | ) )  ) |
| Defendants. | ) ) |

Civil Docket Number:
04-10735-RWZ

## DEFENDANTS' MOTION TO TRANSFER VENUE

COMES NOW the Women's Professional Football League ("WPFL"), the Long Beach Aftershock ("Aftershock"), the Toledo Reign ("Reign"), the Delaware Griffins "("Griffins"), the Syracuse Sting ("Sting"), Houston Energy Football, Inc. ("Energy"), the Indiana Speed ("Speed"), the Missouri Avengers ("Avengers"), the Minnesota Vixens ("Vixens"), the Dallas Diamonds ("Diamonds"), New York Dazzle Football ("Dazzle"), the Arizona Caliente ("Caliente"), the Los Angeles Amazons ("Amazons"), and the Southern California Scorpions ("Scorpions") (collectively, "Defendants") and, pursuant to 28 U.S.C. §1404(a), file this motion to transfer venue to the United States District Court for the Southern District of Texas, Houston Division.  In support thereof, Defendants would respectfully show unto the Court as follows:

Plaintiffs' Amended Complaint can be effectively distilled to two issues: (1) whether the New England Storm was wrongfully expelled from the WPFL; and (2) whether the WPFL wrongfully misappropriated trade marks, logos, and other concepts allegedly belonging to plaintiffs New

England Storm or Korpacz.    The answer to both issues requires an analysis of: (1) the corporate governance documents of a Texas non-profit corporation; (2) the propriety of actions taken by the Commissioner of that Texas entity; and (3) whether that non-profit corporation rightfully acquired the logos and other concepts plaintiffs claim are their intellectual property.    All the behavior about which plaintiffs complain is that of the WPFL, a Texas non-profit corporation.    It would be inconvenient for the WPFL and key Texas witnesses to litigate this matter in Boston.    Further, the interests of justice would be better served if questions regarding the propriety of actions taken by a Texas non-profit corporation were scrutinized by a Texas jury.    As a consequence, this Court should transfer venue to Houston.

## Legal Analysis and Argument

Pursuant to statutory authority, a federal district court may transfer any civil action to any other federal district where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." *28 U.S.C. § 1404(a)*.    When determining whether to transfer venue, courts consider a list of factors expressed by the United States Supreme Court. *See Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09, 67 S. Ct. 839, 843 (1947).    The *Gulf Oil* private and public interest factors, although set forth by the Supreme Court more than 50 years ago, are still used by federal district courts to

2

determine whether transfer is warranted.[1]   Applying those factors to the facts of the present dispute necessitates a transfer to Houston.

## I.   **Private Interests**

Typically, there are four private interests courts review in connection with a transfer of venue: (a) plaintiffs' choice of forum; (b) convenience of the parties; (c) convenience of key witnesses; and (d) the place of the wrong.

### A.  Plaintiffs' Choice Of Forum

Although plaintiffs' choice of forum generally is given deference, it is not absolute.  Plaintiffs' choice may be overcome when the private and public interests point towards trial in the alternative forum.  In situations such as the present dispute, where the connection with the forum is not strong, courts reduce the importance of this factor.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) (presumption applies with less force when the real party in interest is foreign to the jurisdiction).  Although plaintiff Korpacz is a Massachusetts resident, the primary plaintiff seeking redress is the New England Storm, a Rhode Island limited liability corporation.  Amended Complaint at p. 2, ¶ 1.  As a consequence, the real plaintiff in interest is foreign to this jurisdiction and, as in *Piper*, the plaintiffs' choice of forum should not control.

---

[1] While courts still apply these factors in considering a motion to transfer venue, 28 U.S.C. § 1404(a) allows courts to transfer a case upon a lesser showing of inconvenience than that used by the Court in *Gulf Oil*.  *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 546 (1955).

3

B.  Convenience Of The Parties

In the present case, plaintiffs' choice of the District of Massachusetts is inconvenient for the primary defendant, the WPFL. The WPFL conducts the business operations of the league, including actions which result in the suspension or expulsion of a team, from its principal place of business at 5631 Dorbandt Street, Houston, Texas, 77023.  Not surprisingly, all of the league files are located in Houston.  *See* Affidavit of Robin D. Howington.[2]

C.  Convenience Of Key Witnesses

In addition to the WPFL and the league documents, many of the key witnesses also are located in Houston.  For example, two of the three founding members of the WPFL reside in Houston.  See Howington Affidavit.  It would be a substantial inconvenience for these and other key witnesses to travel from Houston to Boston.

D.  The Place Of The Wrong

Finally, the fact that none of the behavior of which plaintiffs complain occurred in Massachusetts supports transfer to Texas.  The alleged wrongdoing either occurred through actions of the league office (in Houston) or at the March, 2004 semi-annual owners' meeting (held in Arizona).  *See* Affidavit of Lisa I. Vessey.  While it is true that certain defendant teams played football in Massachusetts, the

---

[2] The affidavits of Robin D. Howington and Lisa I. Vessey were attached as exhibits to Defendants' Opposition to Plaintiffs' Renewed Request for Emergency Temporary Restraining Order.  Those documents are incorporated herein by reference.  For the Court's convenience, the Howington and Vessey affidavits are attached hereto as Exhibits A and B, respectively.

gravamen of plaintiffs' complaints arise not from actions on the gridiron, but from behavior that allegedly occurred outside the Massachusetts forum.

## II.  **Public Interests**

In addition to the private interest factors referenced above, courts also weigh three public interest factors: (1) administrative difficulties caused by court congestion; (2) local interest in the subject matter; and (3) familiarity with the governing law. *Gulf Oil*, 330 U.S. at 508-509, 67 S. Ct. at 843.

### A.  Administrative Difficulties

In order to determine where the litigation should most conveniently proceed, courts weigh the administrative difficulties associated with the choice of venue.  In doing so, courts consider relative docket congestion, as evidenced by federal court management statistics. *See Mohamed v. Mazda*, 90 F. Supp. 2d 575, 779 (E.D. Tex. 2000); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 991 (E.D.N.Y. 1991).  The statistic traditionally used is the median time to trial, as evidenced in the annual Federal Court Management Statistics. *See Mohamed*, 90 F. Supp. 2d at 799; 15 WRIGHT & MILLER §3854, n. 14.  A comparison of the median time to trial for the Massachusetts and Texas Southern Districts favors transfer.  The median time from filing to disposition for a civil case in Massachusetts in 2003 was 10.7 months, whereas the median time in the Southern District of Texas was 7.2 months. *See* Federal Court Management Statistics, attached as Exhibit

5

<u>C</u>.   Thus,  transfer  of  this  matter  will  not  result  in  delay  or prejudice to plaintiffs.

    B.   <u>Local Interest</u>

The Supreme Court has also directed courts to consider the local interest  in  adjudicating  local  disputes  and  the  unfairness  of burdening citizens in an unrelated forum with jury duty.  *Gulf Oil*, 330 U. S. at 509, 67 S. Ct. at 843.  Defendants respectfully suggest that a Texas jury is the more appropriate body to provide corrective action, if necessary, to a Texas non-profit corporation.

    C.   <u>Familiarity With Governing Law</u>

A court being "at home" with the state law governing the dispute also is a consideration that weighs in favor of transfer.  While the jurisprudence of the Lone Star State would certainly pose no great intellectual hurdle for a Massachusetts court, a Texas court may have slightly more familiarity with Texas corporate law and Texas non-profit corporations.

### Conclusion

A weighing of the private and public interest factors supports transfer to the United States District Court for the Southern District of Texas, Houston Division.  Consequently, the Defendants respectfully request that, for the sake of convenience and in the interests of justice, this motion to transfer venue be granted.

### Request for Hearing

Defendants request a hearing on their Motion to Transfer Venue if

the Court deems such hearing necessary.

                                        Respectfully submitted,

                                        The Defendants,
                                        By their Attorneys,

                                        Brian D. Gross
                                        BBO No. 637718
                                        COOLEY MANION JONES LLP
                                        21 Custom House Street
                                        Boston, MA 022110-3536
                                        (617) 737-3100

                                        and

                                        Carlton D. Wilde
                                        Pro Hac Vice
                                        FRANKLIN, CARDWELL & JONES
                                        1001 McKinney, 18th Floor
                                        Houston, Texas 77002

Dated: June 16, 2004

### CERTIFICATE OF SERVICE

    I, Brian D. Gross, attorney for the Defendants in the above-captioned action, hereby certify that I served a copy of the foregoing to all counsel of record via facsimile and first class mail, postage prepaid on this 16th day of June, 2004.

                                        Brian D. Gross

126736v1

7