UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO: 04-10735-RWZ

MELISSA A. KORPACZ, JD and )
NEW ENGLAND STORM, LLC )
    Plaintiffs, )
     )
v. )
     )
WOMEN'S PROFESSIONAL FOOTBALL LEAGUE )
("WPFL"), et al )
    Defendants. )

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Pursuant to Fed. R. Civ. P. 55, now comes the Plaintiff Melissa A. Korpacz ("Korpacz") and respectfully moves that this Court enter a Default Judgment against all Defendants in this matter.

In support of their Motion, Plaintiff states:

1. Pursuant to this Court's Order of May 25, 2004, Plaintiffs served upon Defendants' counsel of record their Amended Complaint in this action on May 27, 2004. A copy of the proof of service is attached as Exhibit A & B.

2. Defendants have served no answer or other responsive pleading to the Amended Complaint herein as of this date.

3. The only documentation to date the Plaintiffs have received are as follows:

    a. **Defendants' Motion to Dismiss**

    Defendants' Motion to Dismiss was submitted on May 10, 2004 and simply listed three issues with respect to Plaintiffs' Original Complaint:

Plaintiffs' failure to sign the signature page of the Original Complaint; the volume of the Complaint; and the fact that no counsel of record was identified for Plaintiff New England Storm. Those items listed by Defendants were not fatal to the case and Plaintiffs have since corrected the issues with its filing and service of their Amended Complaint. It is Plaintiffs' contention that this Court ruled on Defendants' Motion to Dismiss in substance in its May 25, 2004 Order. In the Court's Order of May 25, 2004 the Court granted Defendants' request to strike Plaintiffs' Original Complaint and Defendants' Alternative request for a more definite statement, yet denied their Motion to Dismiss in ordering Plaintiffs to submit their Amended Complaint forthwith.

b. **Defendants' Motion to Change Venue Under § 1404(a)**

Defendants' Motion to Change Venue was received on May 27, 2004. This was the date on which Defendants' Answer to Plaintiffs' Amended Complaint was due. Because Defendants' above Motion to Dismiss submitted on May 10, 2004 omitted any other defense which Fed. R. Civ. P. 12 "permits to be raised by motion," including lack of personal jurisdiction (Rule 12(b)(2)) and improper venue (Rule 12(b)(3)), those defenses were waived with the filing of Defendants' Motion to Dismiss. Fed. R. Civ. P. 12(g). Accordingly, the Motion to Change Venue currently before the Court is simply a motion under 28 U.S.C. § 1404(a) and there is nothing which supports the notion that submitting such a motion "suspends" the time in which Defendants must answer the Amended Complaint.

Accordingly, Plaintiffs respectfully request that this Court enter a default judgment in favor of Plaintiffs and against Defendants on the issues of liability in this case and schedule a trial as soon as possible on the issue of damages caused to the Plaintiffs by Defendants' actions.

### Rule 7.1 Certification

I, Melissa Korpacz, certify that on June 28, 2004, I conferred with Brian D. Gross, Esq., counsel for Defendants, in an effort to resolve this dispute. Defendants do not assent to this Motion.

Dated: June 28, 2004

_____
Melissa A. Korpacz. - Pro Se
P.O. Box 808 Medford, MA 02155
781-866-9700 (phone)
781-393-0665 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by facsimile and first class mail on June 28, 2004:

Brian D. Gross
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110

Carlton D. Wilde, Jr.
FRANKLIN, CALDWELL & JONES, PC
1001 McKinney, 18th Floor
Houston, TX 77002

_____