UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO: 04-10735-RWZ

NEW ENGLAND STORM, LLC., )
MELISSA A. KORPACZ, JD )
    Plaintiffs, )
 )
v. )
 )
WOMEN'S PROFESSIONAL )
FOOTBALL LEAGUE ("WPFL") et al )
 )

F I L E D
Clerk's Office
USDC, Mass.
Date 6-31-01
By _____
Deputy Clerk

## DECLARATION OF MELISSA KORPACZ IN OPPOSITION
## TO DEFENDANTS' MOTION TO CHANGE VENUE

I, Melissa Korpacz, do hereby declare and state that the following is based upon my personal knowledge and I believe all of my statements to be true, except where based upon information and belief, and as to those statements, I am informed and believe them to be true.

1. I am the sole owner Plaintiff New England Storm, LLC ("Storm") Women's Professional Football Team, which is also a plaintiff in the above-captioned action.

2. I submit this Declaration in opposition to Defendants Motion to Transfer this case to the Southern District of Texas.

3. This controversy dates back to prior to the 2003 WPFL season, however, on March 6, 2004, it came to a head when my team, Plaintiff Storm and I were improperly and unlawfully expelled from the WPFL in which I am a Founding Member and one-third owner and have been since 2000.

2

4. More than one party has recently informed me that Defendants colluded as early as September 2003 to expel Plaintiff Korpacz and Plaintiff Storm from the WPFL to benefit their own hidden agendas.

5. Defendants' counsel failed to confer with Plaintiffs or their counsel of record to attempt to resolve or narrow the issues. Defendants also failed to certify that such a conference occurred as required by Local Rule 7.1.

6. I am aware that Ms. Vessey has also unlawfully expelled the second Founding Member, Dee Kennamer from the WPFL.

7. Ms. Kennamer has agreed to travel to Massachusetts.

8. Upon information and belief, the other Founding Member, Robin Howington has sold her team.

9. Defendants have not identified a single witness who would suffer a special or unusual burden if this case were to continue in Massachusetts.

10. Plaintiffs' witnesses will include several of the players from the 2003 New England Storm team, the officials from the 2003 season, the staff of the 2003 season, and other witnesses to dispute Vessey's and the WPFL Board's allegations and to testify about the impact of the ongoing misconduct of Defendants unleashed on Plaintiffs.

11. The WPFL does not conduct the actions, which result in the suspension or expulsion of a team at 5631 Dorbrant Street, Houston, Texas.

12. Upon information and belief, to date, any and all documents relating to a team's suspension or expulsion have been generated from where Ms. Vessey resides in Chicago, Illinois and not from Houston, Texas.

13. Upon information and believe neither that Ms. Vessey, nor any of the other team owners with the exception of the Founding Members and Beth Markell has ever been to the WPFL office.

14. The WPFL office is simply a room in an industrial setting with a desk containing a phone and a computer on it, nothing more.

15. Upon information and belief, With the exception of a few Founding Member meetings, there have never been any WPFL meetings held there.

16. Upon information and belief, the WPFL logo and trademark that were created for the WPFL are easily accessible, as the company who created it resides in Minneapolis, MN.

17. Plaintiffs' pro bono counsel is Cesari and McKenna, LLP located in Boston, Massachusetts.

18. If this case is transferred to Texas, it would amount to a dismissal because I don not have the monetary means to sustain this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30 day of June 2004 at Boston, Massachusetts.

_____
Melissa A. Korpacz

3