UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEW ENGLAND STORM, LLC and )
MELISSA KORPACZ, JD, )
 )
                Plaintiffs, )
    v. )                           Civil Docket Number:
 )                                 04-10735-RWZ
WOMEN'S PROFESSIONAL FOOTBALL )
LEAGUE ("WPFL"), et al., )
 )
                Defendants. )
 )

## DEFENDANTS' MOTION TO DISMISS

COMES NOW the Women's Professional Football League ("WPFL"), Long Beach Aftershock, The Toledo Reign, Delaware Griffins, Dayton Rebellion, Syracuse Sting, Houston Energy Football, Inc., Arizona Caliente, Indiana Speed, Missouri Avengers, Minnesota Vixen, Dallas Diamonds, New York Dazzles Football, Los Angeles Amazons, and Southern California Scorpions, (collectively, "Defendants") and, pursuant to FED. R. CIV. P. 8 and FED. R. CIV. P. 10(b), respectfully move this Court to dismiss plaintiffs' Amended Complaint or, in the alternative, to require plaintiffs to re-plead in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. In support thereof, Defendants would respectfully show unto this Court as follows:

### Background

Plaintiffs originally filed suit against at least 55 different individuals and entities, alleging 19 different causes of action. *See* Verified Complaint, previously filed with this Court. The plaintiffs complaint was 596 pages and contained 2,995 numbered paragraphs. *Id.* In response, Defendants filed a motion to dismiss based on, among

other things, the plaintiffs' failure to concisely plead its case, in violation of the short and plain statement requirement of FED. R. CIV. P. 8(a).[1]  Plaintiffs then filed their Amended Complaint.  See Amended Complaint, attached hereto as Exhibit A.  The Amended Complaint, however, suffers from many of the same problems as plaintiffs' original complaint.  While plaintiffs did cut the length of its complaint at the urging of the Court, the Amended Complaint is still unnecessarily verbose, confusing and conclusory, weighing in at 210 paragraphs.  Id.

## Argument

FED. R. CIV. P. 8(a) requires pleadings to include a "short and plain" statement of the grounds for jurisdiction, the claims presented, and the relief sought.  FED. R. CIV. P. 8(e) also requires pleadings to be "simple, concise, and direct."  Case law in this Circuit indicates the Amended Complaint runs afoul of these Rule 8 requirements.  In Kuehl v. FDIC, 8 F.3d 905 (1st Cir. 1993), the First Circuit upheld the trial court's dismissal of plaintiff's amended complaint for failure to conform to "the concise pleading requirements" of Rule 8.  Id., at 906.  See also, Vakalis v. Shawmut Corp., 925 F.2d 34, 35 (1st Cir. 1991); Mangan v. Weinberger, 848 F.2d 909, 911 (1st Cir. 1988)(consolidated complaints were "unnecessarily verbose, confusing, and conclusory" and wholly failed to comply with Rules 8 (a) and (e)); see generally, 5 Wright & Miller, Federal Practice and Procedure § 1281 (2 ed. 1990)("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who

---

[1] The Court has not issued a ruling on Defendants' Motion to Dismiss.

must respond to it because they are forced to select the relevant material from a mass of verbiage."). When a plaintiff fails to comply with the "short and plain statement" requirements of Rule 8, the court may dismiss the complaint. *Kuehl*, 8 F.3d at 908.

As in Kuehl, plaintiffs' Amended Complaint, despite explicit orders from the Court, continues to violate Rule 8 in that it is verbose, redundant, confusing, and conclusory. The Amended Complaint contains 210 paragraphs, 126 of which are alleged facts that apply to all counts of the complaint. Many of these paragraphs are irrelevant and superfluous. Moreover, many of the paragraphs contain legal conclusions.[2]

In addition to prolixity, the Amended Complaint suffers from four other defects. First, the Amended Complaint violates FED. R. Civ. P. 10(b), in that it fails to number all paragraphs consecutively. Plaintiffs consecutively numbered the first 146 paragraphs of the Amended Complaint, but then fail to continue that practice with each count contained in the pleading.[3] Plaintiffs' re-numbering of each count creates redundant numbering and makes it confusing and difficult to respond to the pleading.

---

[2] Some examples of the legal conclusions contained in the Amended Complaint are as follows: (1) "WPFL Promotions has an irrevocable contract with the WPFL . . .;" (2) "These contracts were never renewed. Accordingly they were not authorized to hold Executive Offer [sic] positions beyond that date;" (3) "During a January 24, 2004 meeting, certain members of the WPFL Board voted with no legal basis to do so . . . This constitutes illegal conversion . . .;" (4) . . . the Bylaws that were used to expel Plaintiffs are the wrong Bylaws. The correct Bylaws that are still in effect are the original ones that were created by the Founding Members of the WPFL;" (5) The Agreement was supported by valid consideration;" and (6) Defendant WPFL has breached the Agreement with Plaintiffs by allowing individuals to participate . . . without a valid executed contract or a legal basis to conduct business on the part of the WPFL."

[3] The first 146 paragraphs of the Amended Complaint are numbered consecutively. With each separate count, however, the numbering begins again

3

Second, plaintiffs fail to adequately identify and attach documents to which they refer in the Amended Complaint.  In the Amended Complaint, plaintiffs refer to a number of documents, including the WPFL Constitution and Bylaws (the "Bylaws"), Associate Member Team Contracts, and numerous correspondence.  Plaintiffs failed to attach any of these documents as exhibits to the Amended Complaint, thus making it difficult to respond to the allegations made concerning these documents.  This is especially so with respect to the Bylaws, because multiple versions of the Bylaws exist.  It is unclear from plaintiffs' allegations to which version they refer.

Plaintiffs have also failed to sufficiently plead facts to support their allegations of jurisdiction.  Conclusory allegations of jurisdiction or citation to federal statutes are inadequate.  Instead, a complaint must clearly set out facts essential to support jurisdiction.  *Presbytery of N.J. v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994); *Celli v. Shoell*, 40 F3d 324, 327 (10th Cir. 1994). Plaintiffs' conclusory allegations fail to clearly set out facts which support their claims of jurisdiction.

Finally, plaintiffs have failed to verify the allegations contained in the Amended Complaint.  Fed. R. Civ. P. 65(b) requires a complaint to be verified if a plaintiff is seeking a temporary restraining order.  Verification requires more than the plaintiff's signature.  *See* 10 Robert M. Rodman, *Massachusetts Practice*, Procedural Forms Annotated §582 (5th ed. 1990).  It requires the plaintiff to declare that the allegations contained in the complaint are true to the best of his or her knowledge.  *Id*.  Plaintiffs twice

---

at one, thus resulting in nine paragraphs being labeled number one.

sought a temporary restraining order in this matter, but did not verify either the original or Amended Complaint. While it is true that plaintiff Melissa Korpacz ("Korpacz") signed the Amended Complaint, she did so solely as pro se counsel. Moreover, she did not confirm the correctness, truth or authenticity of the allegations contained in the amended pleading.

### Conclusion

Defendants' motion to dismiss should be granted because the 210 paragraph, 31 page Amended Complaint fails to satisfy the "short and plain...simple, concise and direct" requirements of Rule 8, despite this Court's previous admonition concerning the prolixity of plaintiffs' original complaint. In addition, it fails to number the paragraphs consecutively or attach documents to which it refers. These defects have the result of placing an undue burden on Defendants and making it extremely difficult to intelligently respond to the allegations. Further, plaintiffs did not adequately support their jurisdictional allegations, nor did they verify the accuracy and truth of their averments. For these reasons plaintiffs' Amended Complaint should be dismissed or, in the alternative, plaintiffs should be required to re-plead in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

### Request for Hearing

Defendants request a hearing on their Motion to Dismiss if the Court deems such hearing necessary.

## LR 7.1(A)(2) Certification

Pursuant to LR 7.1(A)(2) counsel for Defendants hereby certifies that counsel for the parties have conferred and attempted in good faith to resolve or narrow the issues contained in this motion.

DEFENDANTS,
By their Attorneys,

Brian D. Gross
BBO No. 637718
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 022110-3536
(617) 737-3100

Carlton D. Wilde, Jr.
Pro Hac Vice
FRANKLIN, CARDWELL & JONES, P.C.
1001 McKinney
Houston, TX 77002

Dated: July 12, 2004

## CERTIFICATE OF SERVICE

I, Brian D. Gross, attorney for the Defendants in the above-captioned action, hereby certify that I served a copy of the foregoing to all counsel of record via e-mail and first class mail, postage prepaid on this 12th day of July, 2004.

Brian D. Gross

127768v1

6