UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND STORM, LLC and MELISSA KORPACZ, JD,<br><br>        Plaintiffs,<br>v.<br><br>WOMEN'S PROFESSIONAL FOOTBALL LEAGUE ("WPFL"), et al.,<br><br>        Defendants. | Civil Docket Number:<br>04-10735-RWZ |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

COMES NOW the Women's Professional Football League ("WPFL"), Long Beach Aftershock, The Toledo Reign, Delaware Griffins, Dayton Rebellion, Syracuse Sting, Houston Energy Football, Inc., Arizona Caliente, Indiana Speed, Missouri Avengers, Minnesota Vixen, Dallas Diamonds, New York Dazzles Football, Los Angeles Amazons, and Southern California Scorpions, (collectively, "Defendants") and file this their response to Plaintiffs' Motion for Default Judgment. In support thereof, Defendants would respectfully show unto the Court as follows:

Pursuant to FED. R. CIV. P. 55, Plaintiffs seek entry of a default judgment against Defendants. Plaintiffs' Motion For Default Judgment at 1. Securing the entry of a default judgment, however, is a three-step procedure requiring: (1) a default; (2) the entry of that default; and (3) the subsequent entry of a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In the present case, Plaintiffs hope to "leap frog" the first two requirements and proceed directly to the entry of a default judgment. For the reasons

articulated below, Plaintiffs' efforts must fail.

## Argument and Authorities

Default judgments are a drastic remedy not favored by the Federal Rules. 10 Wright & Miller, *Federal Practice & Procedure* § 2681, p. 402-406. They are resorted to by courts only in extreme situations. *Charlton L. Davis & Co. v. Fedder Data Center*, 556 F.2d 308, 309 (5th Cir. 1977). As the District of Columbia Circuit has observed, they are available "only when the adversary process has been halted because of an essentially unresponsive party." *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F. 2d 689, 691 (D.C. Cir. 1970).

In the present case, entry of a default judgment is not warranted because Defendants are not in default. Default under FED. R. CIV. P. 55 is only appropriate when a party "has failed to plead *or otherwise defend*" as provided for in the Rules of Civil Procedure. FED. R. CIV. P. 55(a) (emphasis added).

Here, while admittedly defendants have yet to file an answer, they have taken actions to "otherwise defend" against Plaintiffs' claims.[1] Traditionally, courts have considered a number of different actions as indicating an intent to defend, including the following:

(1)     filing a motion to dismiss, *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989);

(2)     filing a motion to transfer venue, *Pikofsky v. Jem Oil*, 607

---

[1] Defendants have not obtained a formal ruling on their first motion to dismiss, filed in May of 2004. Contemporaneously herewith, Defendants are filing a motion to dismiss Plaintiffs' Amended Complaint. Thus, no answer is required at present.

    F.Supp. 727, 734 (E.D. Wis. 1985);

(3) letters or conversations between counsel for the parties about the lawsuit, *Key Bank v. Tablecloth Textile Co.*, 74 F.3d 349, 353-54 & n. 6 (1st Cir. 1996); and

(4) participating in a conference before the court, *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141-42 (5th Cir. 1996).

In the current dispute, Defendants filed both a motion to dismiss and a motion to transfer venue. In addition, counsel for Defendants have participated in conversations and exchanged letters with counsel for Plaintiffs regarding the lawsuit. *See* Exhibit A. Moreover, the undersigned counsel have defended the interests of Defendants in a temporary restraining order hearing before this Court on May 14, 2004.[2] Clearly, Defendants have evidenced an intent to defend. Until the Court rules on Defendants' pending motions to dismiss, no answer is required.

## Conclusion

WHEREFORE, Defendants respectfully request that Plaintiffs' Motion For Default Judgment be denied and request such other relief, general or specific, at law or in equity, to which Defendants are justly entitled.

---

[2] Counsel for both parties are scheduled to meet for a Rule 26(f) conference at noon on Monday, July 19, 2004.

Respectfully submitted,

DEFENDANTS,
By their Attorneys,

/s/ Brian D. Gross
Brian D. Gross
BBO No. 637718
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 022110-3536
(617) 737-3100

Carlton D. Wilde, Jr.
Pro Hac Vice
FRANKLIN, CARDWELL & JONES, P.C.
1001 McKinney
Houston, TX 77002

Dated: July 12, 2004

### CERTIFICATE OF SERVICE

I, Brian D. Gross, attorney for the Defendants in the above-captioned action, hereby certify that I served a copy of the foregoing to all counsel of record via e-mail and first class mail, postage prepaid on this 12th day of July, 2004.

/s/ Brian D. Gross

127827v1