UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO: 04-10735-RWZ

NEW ENGLAND STORM, LLC., )
MELISSA A. KORPACZ, JD )
    Plaintiffs, )
     )
v. )
     )
WOMEN'S PROFESSIONAL )
FOOTBALL LEAGUE ("WPFL") et al )
     )

RECEIVED
Cl...
...
Date 7-26-04
By
Deputy ...

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS

Now comes Plaintiffs Melissa A. Korpacz ("Korpacz") and New England Storm, LLC ("Storm") (hereinafter collectively "Plaintiffs") and respectfully submit this Memorandum of Law in Opposition to Defendants' Second Motion to Dismiss.

### I. Procedural History

Plaintiffs filed their original Verified Complaint in this action on April 12, 2004. On May 10, 2004, Defendants filed their first Motion to Dismiss. In their first Motion to Dismiss, Defendants complained that Plaintiffs' original Verified Complaint was too long and verbose, and sought to have it dismissed, or alternatively, amended and refiled to comply with the Federal and local rules.

This Court effectively ruled on, or at least mooted, Defendants' first Motion to Dismiss with its Order dated May 25, 2004. Specifically, in that Order, the Court required Plaintiffs to file an amended complaint "forthwith". In compliance with the Court's Order, on May 27, 2004, Plaintiffs filed and served upon Defendants' counsel their Amended Complaint in this action. The Amended Complaint also fully complied

1

with this Court's Bench Order of May 12, 2004 that it not exceed thirty (30) pages in length. To date, Defendants have yet to file a substantive answer to the Amended Complaint.

On June 16, 2004, Defendants filed a Motion to Transfer Venue in the case to the Southern District of Texas, Houston Division. The Court denied that Motion on July 2, 2004. Nevertheless, on July 12, 2004, instead of answering Plaintiffs' Amended Complaint, Defendants, in an attempt to interpose further delay and require Plaintiffs to incur additional costs needlessly, filed their second Motion to Dismiss. In their second Motion to Dismiss, Defendants claim that Plaintiffs' Amended Complaint is "still unnecessarily verbose, confusing and conclusory." Due to the fact that (1) Defendants' first Motion to Dismiss was ruled on or at least mooted by this Court on May 25, 2004; (2) Defendants' Motion to Transfer Venue did not operate to stay their time to answer Plaintiffs' Amended Complaint; and (3) Defendants' second Motion to Dismiss currently before the Court is totally without merit, Defendants' second Motion to Dismiss should be denied and Defendants ordered to file their answer to Plaintiffs' Amended Complaint forthwith.

## II. None of Defendants' Alleged Defects Is Such As Would Reasonably Prevent Defendants From Answering the Amended Complaint.

### A. Conclusory Allegations

Defendants' contention that Plaintiffs' Amended Complaint contains conclusory allegations is irrelevant. Fed. R. Civ. P. 8(a) requires only that a pleading which sets forth a claim for relief contain a "short and plain" statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(e) further provides, in pertinent part, that "all pleadings shall be construed as to do substantial justice."

2

Plaintiffs' Amended Complaint, reasonably construed "to do substantial justice", complies with these rules. Allegations in a complaint can be, and typically are, conclusory both in a factual and a legal sense. Defendants' newly-founded contention that Plaintiffs' Amended Complaint is both verbose and conclusory is inherently contradictory. There is no merit to Defendants' complaint regarding the conclusory nature of Plaintiffs' allegations.

### B. Paragraph Numbering

After admitting that the Amended Complaint included 146 consecutively numbered paragraphs of factual allegations relevant to all counts, Defendants next complain that the remaining allegations of the Amended Complaint are not consecutively numbered following the number 146. Plaintiffs know of no legal authority that requires that the allegations in the counts of a complaint be numbered consecutively relative to the allegations relevant to all counts. The paragraphs included in each count of the Amended Complaint are readily identified and referenced by specifying the count number followed by the paragraph number of that count. This is not a defect such as would reasonably prevent Defendants from answering the Amended Complaint.

### C. Confusing Allegations

Plaintiffs' Amended Complaint gives Defendants more than enough information and detail to put them on notice of the nature of each of the Plaintiffs' claims for relief and to respond Plaintiffs' Amended Complaint substantively. In fact, although Defendants' now claim that they cannot understand the Amended Complaint sufficiently to file an answer, Defendants apparently could make enough sense of the Amended Complaint to submit their Motion to Transfer Venue. Specifically, in their Motion to Transfer Venue, Defendants state:

3

> Plaintiffs' Amended Complaint can be effectively distilled to two issues: (1) whether the New England Storm was wrongfully expelled from the WPFL; and (2) whether the WPFL wrongfully misappropriated trademarks, logos and other concepts allegedly belonging to plaintiffs New England Storm or Korpacz. The answer to both issues requires an analysis of: (1) the corporate governance documents of a Texas non-profit corporation; (2) the propriety of actions taken by the Commissioner of that Texas facility; and (3) whether that non-profit corporation rightfully acquired the logos and other concepts plaintiffs claim are their intellectual property.

Now that this Court has denied their Motion to Transfer Venue, Defendants claim they cannot make enough sense of the Amended Complaint to answer it. Defendants claim is disingenuous at best. Moreover, suspiciously absent from Defendants' second Motion to Dismiss is any allegation that the Amended Complaint fails to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). Plaintiffs submit that even a cursory review of the Amended Complaint shows that Defendants can answer it without undue or unreasonable effort. In fact, the time and expense that Defendants took to prepare and file their second Motion to Dismiss could have been put to good and effective use in answering the Amended Complaint if Defendants' true intent were to move this case along with minimum delay and expense.

**D. Exhibits**

Defendants' next complain Plaintiffs did not attach exhibits to their Amended Complaint corresponding to certain documents referenced therein. Plaintiffs know of no legal authority that says that they are under an obligation to attach as exhibits to their pleadings all or any documents that may be referenced therein. Defendants complaint about the version of the WPFL By-Laws that is referenced and that Plaintiffs' contend were in effect at the relevant time is particularly suspect since a copy of those By-Laws was provided to the Court and Defendants in compliance with the Court's May 25, 2004

4

Order. Any and all relevant documents and versions of the same referenced in the Amended Complaint are known to and in possession of Defendants. In any event, they will be identified by Plaintiffs in their initial disclosures and made available to Defendants in discovery.

### E. Allegations Regarding Jurisdiction

Defendants next contend that Plaintiffs' Amended Complaint is defective because it makes only conclusory statements regarding jurisdiction. However, Fed. R. Civ. P. 8(a) expressly provides that jurisdictional grounds need not be pled where "the court already has jurisdiction." Plaintiffs submit that this Court "already has jurisdiction" because any defenses based on lack of personal jurisdiction and/or improper venue have been waived by Defendants.

On May 10, 2004, in Defendant's first Motion to Dismiss, Defendants' requested that Plaintiffs' Verified Complaint be dismissed for failure to comply with, among other things, Fed. R. Civ. P. 8 (a). That request was, for all intents and purposes and in substance, a motion to strike under Fed. R. Civ. P 12(f). Alternatively, Defendants requested that Plaintiffs be required to replead their Verified Complaint in a form that fully complies with the applicable Federal and Local Rules. That request was, for all intents and purposes and in substance, a motion for a more definite statement under Fed. R. Civ. P. 12(e).

Because Defendants' first Motion to Dismiss omitted any other defense which Rule 12 "permits to be raised by motion," including lack of personal jurisdiction (Rule 12(b)(2)) and improper venue (Rule 12(b)(3)), **those defenses were waived with the filing of Defendants' first Motion to Dismiss.** Fed. R. Civ. P. 12(g). Accordingly, Defendants' reference in their second Motion to Dismiss to an alleged lack of support for

5

the allegations of personal jurisdiction is meaningless because this Court "already has jurisdiction."

### F. No Verification

The fact that Plaintiffs' Amended Complaint is not "verified" is no justification for dismissing it because this Court denied Plaintiffs' request for an emergency TRO, and there are no other requests for temporary or preliminary injunctive relief currently pending before the Court.

### III. Conclusion

For all of the foregoing reasons, Defendants' Motion to Dismiss should be denied, and Defendants should be ordered to answer Plaintiffs' Amended Complaint forthwith.

Respectfully submitted,
Plaintiff Melissa Korpacz

Dated: July 26, 2004

/s/ Melissa A. K.
Melissa A. Korpacz, - Pro Se
P.O. Box 808 Medford, MA 02155
781-866-9700 (phone)

Plaintiff New England Storm, LLC
By its Attorneys,

/s/
Thomas C. O'Konski BBO# 377475
Kevin Gannon BBO# 640931
Cesari and McKenna, LLP
88 Black Falcon Avenue
Boston, MA 02210
617-951-2500 (phone)
617-951-3927 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by facsimile and first class mail on July 26, 2004:

Brian D. Gross
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA  02110

Carlton D. Wilde, Jr.
FRANKLIN, CALDWELL & JONES, PC
1001 McKinney, 18th Floor
Houston, TX 77002