UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEW ENGLAND STORM, LLC., )
MELISSA A. KORPACZ, JD )
    Plaintiffs, )
     )
v. ) CIVIL ACTION NO: 04-10735-RWZ
     )
WOMEN'S PROFESSIONAL )
FOOTBALL LEAGUE ("WPFL") et al )
     )

## PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIMS, DEFENSES AND JURY DEMAND

Plaintiff Melissa A. Korpacz ("Korpacz") and Plaintiff New England Storm, LLC ("Storm") (hereinafter "Plaintiffs"), by their undersigned attorneys, hereby reply to Defendants' Counterclaims as follows.

### DEFENDANTS' COUNTERCLAIM AGAINST MELISSA A. KORPACZ AND NEW ENGLAND STORM, LLC

#### Parties, Jurisdiction and Venue

1. Plaintiffs admit that, at least until their unlawful expulsion in March of 2004, the Women's Professional Football League (hereinafter "WPFL") was a Texas non-profit corporation recognized by the Internal Revenue Service as a tax-exempt organization under section 501 (c)(6) of the Internal Revenue Code. Plaintiffs deny the remaining allegations of this paragraph.

2. Plaintiffs lack information sufficient to admit or deny allegations regarding Long Beach Aftershock women's professional football team's corporate status. Plaintiffs admit Long Beach Aftershock's

place of business as alleged. Plaintiffs deny that Defendant Long Beach Aftershock is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

3. Plaintiffs lack information sufficient to admit or deny allegations regarding Thee Toledo Reign women's professional football team's corporate status. Plaintiffs admit Thee Toledo Reign's place of business as alleged. Plaintiffs deny that Defendant Thee Toledo Reign is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

4. Plaintiffs lack information sufficient to admit or deny allegations regarding Delaware Griffins women's professional football team's corporate status. Plaintiffs admit the Delaware Griffin's place of business as alleged. Plaintiffs deny that Defendant Delaware Griffins is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

5. Plaintiffs lack information sufficient to admit or deny allegations regarding Syracuse Sting women's professional football team's corporate status. Plaintiffs admit the Syracuse Sting's place of business as alleged. Plaintiffs deny that Defendant Syracuse Sting is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

6. Plaintiffs lack sufficient information to admit or deny allegations regarding Houston Energy women's professional football team's

accurate status or place of business. Plaintiffs deny that the Defendant Houston Energy is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

7. Plaintiffs lack information sufficient to admit or deny allegations regarding Arizona Caliente women's professional football team's corporate status. Plaintiffs admit the Arizona Caliente's place of business as alleged. Plaintiffs deny that Defendant Arizona Caliente is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

8. Plaintiffs lack information sufficient to admit or deny allegations regarding Indiana Speed women's professional football team's corporate status. Plaintiffs admit the Indiana Speed's place of business as alleged. Plaintiffs deny that Defendant Indiana Speed is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

9. Plaintiffs lack information sufficient to admit or deny allegations regarding Missouri Avengers women's professional football team's corporate status. Plaintiffs admit Missouri Avenger's place of business as alleged. Plaintiffs deny that Defendant Missouri Avengers is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

10. Plaintiffs lack information sufficient to admit or deny allegations regarding Minnesota Vixen women's professional football team's

corporate status. Plaintiffs admit the Minnesota Vixen place of business as alleged. Plaintiffs deny that Defendant Minnesota Vixen is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

11. Plaintiffs lack information sufficient to admit or deny allegations regarding Dallas Diamonds women's professional football team's corporate status. Plaintiffs admit the Dallas Diamond's place of business as alleged. Plaintiffs deny that Defendant Dallas Diamonds is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

12. Plaintiffs lack information sufficient to admit or deny allegations regarding New York Dazzle women's professional football team's corporate status. Plaintiffs admit the New York Dazzle place of business as alleged. Plaintiffs deny that Defendant New York Dazzle is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

13. Plaintiffs lack information sufficient to admit or deny allegations regarding Los Angeles Amazons women's professional football team's corporate status. Plaintiffs admit the Los Angeles Amazon's place of business as alleged. Plaintiffs deny that Defendant Los Angeles Amazons is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

14. Plaintiffs lack information sufficient to admit or deny allegations regarding SoCal Scorpions women's professional football team's corporate status. Plaintiffs admit the So Cal Scorpion's place of business as alleged. Plaintiffs deny that Defendant SoCal Scorpions is operating under a current license agreement with the WPFL. Plaintiffs deny the remaining allegations of this paragraph.

15. Plaintiffs admit that Plaintiff Korpacz is a resident of Massachusetts. Answering further, Plaintiffs admit that Plaintiff New England Storm, LLC is doing business in Massachusetts.

16. Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs.

17. Plaintiffs admit that this Court has subject matter jurisdiction over this matter.

18. Plaintiffs admit that this Court has supplemental jurisdiction over this matter.

## COUNT I

19. Plaintiffs incorporate herein by reference their answers to paragraphs 1 through 18 above.

20. Plaintiffs lack sufficient knowledge to admit or deny Defendants' allegation in paragraph 20, and therefore deny the same.

21. Plaintiffs deny the allegations in paragraph 21 of Count I. Answering further, Plaintiffs state that it was Plaintiff Korpacz, Dee Kennamer and Robin Howington (hereinafter collectively "WPFL Founding Members") who entered into negotiations and subsequently a contract

with Compass Design for the exclusive right to the WPFL intellectual property in 2002 prior to any team entering into the WPFL or being contractually linked to the WPFL.

22. Plaintiffs deny the allegations in paragraph 22 of Count I. Answering further, Plaintiffs state that when no other teams were affiliated or contractually linked to the WPFL, it was the WPFL Founding Members who negotiated their payment plan with Compass Design, on or about January 24, 2002.

23. Plaintiffs deny the allegations in paragraph 23 of Count I. Answering further, Plaintiffs state that it was the WPFL Founding Members who applied for the registration of the trade name and mark in question on or about January 25, 2002 with the United States Patent and Trademark Office prior to any team entering into or becoming affiliated with the WPFL. Subsequent to the Founding Members filing of the original registration, the registration number to said mark in question was received on the February 3, 2003 date Defendants are referencing in paragraph 23 of Count I.

24. Plaintiffs deny the allegations in paragraph 24 of Count I.

25. Plaintiffs deny the allegations in paragraph 25 of Count I. Answering further, Plaintiffs state that those constituent teams Defendants are referring to do not have valid executed contracts with the WPFL and their 2003 contracts expired on December 31, 2003.

26. Plaintiffs deny the allegations in paragraph 26 of Count I.

27. Plaintiffs deny the allegations in paragraph 27 of Count I.

28. Plaintiffs admit to using the WPFL name and logo. Plaintiffs deny the remaining allegations in paragraph 28 of Count I.

29. Plaintiffs deny the allegations in paragraph 29 of Count I. Answering further, Plaintiffs state that they have never been asked by Defendants to cease and desist from using the WPFL name or logo. Plaintiffs deny all remaining allegations in paragraph 29.

30. Plaintiffs deny the allegations in paragraph 30 of Count I.

31. Plaintiffs deny the allegations in paragraph 31 of Count I.

32. Plaintiffs deny the allegations in paragraph 32 of Count I.

## COUNT II

33. Plaintiffs incorporate herein by reference their answers to paragraphs 1 through 32 above.

34. Plaintiffs deny the allegations in paragraph 34 of Count II.

35. Plaintiffs deny the allegations in paragraph 35 of Count II.

36. Plaintiffs deny the allegations in paragraph 36 of Count II.

37. Plaintiffs deny the allegations in paragraph 37 of Count II.

38. Plaintiffs deny the allegations in paragraph 38 of Count II. Answering further, Plaintiffs state that Section 9 of Article V of the WPFL Bylaws, which Defendants purport to quote, has to do with the WPFL Commissioner's authority under "Article V". The WPFL Commissioner has a choice in possible disciplinary cases whether to take disciplinary action against a team or individual under "Article V"

or "Article VIII" according to the WPFL Bylaws. Plaintiffs' unlawful expulsion in this case was conducted under "Article VIII", not "Article V." Moreover, "Article V" was intended to deal with teams who have not been expelled from the WPFL in order to control internal turmoil and frivolous lawsuits from teams still within the league, not teams who have been expelled from the league under an entirely separate section, "Article VIII".

39. Plaintiffs deny the allegations in paragraph 39 of Count II. Answering further, Plaintiffs state that any and all contractual obligations and/or references to the WPFL Bylaws severed upon the unlawful expulsion of Plaintiffs. Additionally, Plaintiffs state that the WPFL constituent teams do not have valid executed contracts with the WPFL and their 2003 contracts expired on December 31, 2003.

40. Plaintiffs deny the allegations in paragraph 40 of Count II.

41. Plaintiffs deny the allegations in paragraph 41 of Count II.

## COUNT III

42. Plaintiffs incorporate herein by reference their answers to paragraphs 1 through 41 above.

43. Plaintiffs admit to the allegations in the first sentence, but deny the allegations in the second sentence in paragraph 43 of Count III.

44. Plaintiffs deny the allegations in paragraph 44 of Count III.

45. Plaintiffs admit the allegations in the first sentence, but deny the allegations in the second sentence in paragraph 45 of Count III.

Answering further, Plaintiffs state that Defendants' characterization of WPFL Promotions' purposes is misleading at best. The true functions of WPFL Promotions were to raise money to market the WPFL on a national scale, obtain sponsorship for the WPFL, put on the WPFL Playoff and Championship Games and entice teams into becoming invested in the WPFL as Member Teams and not remain Associate Teams for an indefinite period of time.

46. Plaintiffs admit that Plaintiff Korpacz and the remaining Founding Members did in fact create an irrevocable contract between WPFL and WPFL Promotions, which was referenced in the WPFL structure organization and flow chart presented to any and all of the incoming teams including all of the Defendant Associate Teams. Plaintiffs otherwise deny the allegations in paragraph 46 of Count III.

47. Plaintiffs admit that Plaintiff Korpacz received 750,000 units in WPFL Promotions, but otherwise deny the allegations in paragraph 47 of Count III. Answering further, Plaintiffs state that Plaintiff and fellow Founding Members paid a considerable amount of money and other consideration for those units.

48. Plaintiffs admit that Plaintiff Korpacz was appointed a Trustee of the WPFL Trust. Answering further, Plaintiffs state it was the intent that each Member Team become a Trustee of the WPFL Trust. Plaintiffs deny the remaining allegations in paragraph 48 of Count III.

49. Plaintiffs deny the allegations in paragraph 49 of Count III. Answering further with respect to the third sentence, Defendant Associate Teams were each informed upon entry into the WPFL that it was a non-profit entity. Upon forming the WPFL, the Founding Members had a certain window of time to comply with filing the tax-exempt form and did so comply.

50. Plaintiffs deny the allegations in paragraph 50 of Count III.

51. Plaintiffs deny the allegations in paragraph 51 of Count III. Answering further, Plaintiffs state that each Defendant Associate Team was given the opportunity to become a Member Team, which would have given them units in the WPFL Promotions entity. In fact, at the conclusion of the November 2003 meeting a total of five Member Teams were purported to be in existence and four additional Defendant Associate Teams indicated their intent to sign on for the 2004 season as Member Teams until certain individual Defendant Associate Teams and then Commissioner of the WPFL sabotaged the WPFL structure.

52. Plaintiffs deny the allegations in paragraph 52 of Count III. Answering further, Plaintiffs specifically deny that Plaintiff Korpacz ever received a request to produce any documents or appear before the WPFL Board of Directors regarding then Commissioner Vessey's Notice to Show Cause. Answering further, Plaintiffs state that the then 2003 WPFL Board of Directors never followed through on the then Commissioners' request for a Board Meeting to have the Founding Members Show

Cause. Answering further, Plaintiffs state that Plaintiff Korpacz resides in Boston, Massachusetts and has never in the existence of the WPFL maintained custody and/or control of WPFL documents and/or WPFL financial records, statements, or checkbook to be in a position to comply with such an alleged request. Plaintiffs deny the remaining allegations in paragraph 52 of Count III.

53. Plaintiffs lack sufficient information to admit or deny Dee Kennamer's qualifications with respect to filing the WPFL tax-exempt form, and therefore deny the same.

54. Plaintiffs deny the allegations in paragraph 54 of Count III. Answering further, Plaintiffs state that the Founding Members did in fact obtain and hire legal counsel from Dwyer and Collora of Boston, Massachusetts who advised Defendant Associate Teams of the WPFL structure. Plaintiffs deny the remaining allegations in paragraph 54 of Count III

55. Plaintiffs admit that as officers of WPFL Promotions, an annual request was made to the WPFL for their payment to begin to market the WPFL Playoff and Championship games, which has been done since 2001. Answering further, Plaintiffs state that Defendants since that request have breached their contract with WPFL Promotions. Plaintiffs deny the remaining allegations in paragraph 55 of Count III.

56. Plaintiffs deny the allegations in paragraph 56 of Count III.

57. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 57 of Count III, and therefore deny the same.

58. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 58 of Count III, and therefore deny the same

## COUNT IV

59. Plaintiffs incorporate herein by reference their answers to paragraphs 1 through 58 above.

60. Plaintiffs admit that Plaintiff Korpacz was a Director in the WPFL until she was unlawfully expelled from the WPFL in March of 2004.

61. Plaintiffs deny that Plaintiff Korpacz was an agent of the WPFL in her capacity as an officer of WPFL Promotions. Answering further, Plaintiffs state that the entities are two separate corporations and Plaintiffs' fiduciary duties to one another do not overlap.

62. Plaintiffs deny that Plaintiff Korpacz was acting as an agent of the WPFL. Plaintiffs deny the remaining allegations in paragraph 62 of Count IV.

63. Plaintiffs deny the allegations in paragraph 63 of Count IV.

64. Plaintiffs deny the allegations in paragraph 64 of Count IV.

65. Plaintiffs deny the allegations in paragraph 65 of Count IV.

## PLAINTIFFS' AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs deny each and every material allegation of the counterclaims except as specifically admitted.

### Second Defense

Plaintiffs deny Defendants are entitled to damages claimed or to any relief in the form of damages or attorneys' fees.

### Third Defense

Plaintiffs state that the causes of action in Defendants' counterclaims are barred by statute of limitations for such actions.

### Forth Defense

Plaintiffs state that Defendants' counterclaims fail to state a claim upon which relief can be granted.

### Fifth Defense

Plaintiffs state that Defendants' counterclaims against Plaintiffs are barred because the damages or losses experienced, if any, were not due to any act or failure to act of Plaintiffs, but were caused solely by the acts of a third-party or parties.

### Sixth Defense

Plaintiffs state that Defendants are guilty of contributory negligence, comparative negligence and/or assumption of the risk and that damages, if any, recovered by the Defendants from Plaintiffs should be reduced in portion to the fault of the Defendants.

### Seventh Defense

Plaintiffs state that Defendants lack standing to bring the causes of action detailed in their counterclaims.

### Eight Defense

Plaintiffs claim that Defendants' counterclaims are each barred by the doctrine of estoppel and waiver.

### Ninth Defense

Plaintiffs state that Defendants have failed to mitigate any damages caused by Plaintiffs' alleged conduct and that Defendants are, therefore, barred from recovery.

### Tenth Defense

Plaintiffs state that the alleged statements made by Plaintiffs were truthful and privileged.

### Eleventh Defense

Plaintiffs state that Defendants' counterclaims are barred by the doctrine of laches.

### Twelfth Defense

Plaintiffs' state that Defendants, in their counterclaims, fail to comply with Fed. R. Civ. P. 9(b) by failing to set forth with particularity the fraud allegations.

### Thirteenth Defense

Plaintiffs' state that defendants are not entitled to recovery on any of their claims because they come to Court with unclean hands.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues raised by Defendants' counterclaims that are so triable.

Respectfully submitted,
Plaintiff Melissa Korpacz

Dated: September 15, 2004

*[signature]*

Melissa A. Korpacz. - Pro Se
P.O. Box 808 Medford, MA 02155
781-866-9700 (phone)

Plaintiff New England Storm, LLC
By its Attorneys,

*[signature]*

Thomas C. O'Konski BBO# 377475
Kevin Gannon BBO# 640931
Cesari and McKenna, LLP
88 Black Falcon Avenue
Boston, MA 02210
617-951-2500 (phone)
617-951-3927 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by facsimile and first class mail on September 15, 2004

Brian D. Gross
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110

Carlton D. Wilde, Jr.
FRANKLIN, CALDWELL & JONES, PC
1001 McKinney, 18th Floor
Houston, TX 77002

*[signature]*

15