UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MELISSA A. KORPACZ and
NEW ENGLAND STORM, LLC,

    Plaintiffs,

    v.

WOMEN'S PROFESSIONAL FOOTBALL LEAGUE
et al.,

    Defendants.

WOMEN'S PROFESSIONAL FOOTBALL LEAGUE,
LONG BEACH AFTERSHOCK,
THEE TOLEDO REIGN,
DELAWARE GRIFFINS,
SYRACUSE STING,
HOUSTON ENERGY,
ARIZONA CALIENTE,
INDIANA SPEED,
MISSOURI AVENGERS,
MINNESOTA VIXEN,
DALLAS DIAMONDS,
NEW YORK DAZZLES,
LOS ANGELES AMAZONS,
SOCAL SCORPIONS,

    Counter-plaintiffs,

    v.

MELISSA A. KORPACZ and
NEW ENGLAND STORM, LLC,

    Counter-defendants.

Civil Action
No. 04-10735-RWZ

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c),

Defendants/Counter-Plaintiffs Women's Professional Football

League ("WPFL"), Long Beach Aftershock, The Toledo Reign,

Delaware Griffins, Dayton Rebellion, Syracuse Sting, Houston

Energy Football, Inc., Arizona Caliente, Indiana Speed, Missouri

Avengers, Minnesota Vixen, Dallas Diamonds, New York Dazzles Football, Los Angeles Amazons, and Southern California Scorpions, (collectively, "Defendants") hereby move for a Protective Order to prevent the Plaintiffs' discovery of documents which are protected from discovery by the attorney-client privilege or the work product doctrine, and documents which comprise confidential commercial information that is irrelevant to Plaintiffs' claims and are not reasonably calculated to lead to admissible evidence. Defendant respectfully requests that this Court issue a Protective Order prohibiting plaintiffs from pursuing such discovery.

## FACTUAL BACKGROUND

The WPFL was formed in 1999, to create a professional league for women's tackle football. The WPFL was incorporated in 2002, under the laws of the state of Texas, as a non-profit corporation. The WPFL is currently comprised of 15 Member and Associate teams.

On February 23 and 24, 2004, the WPFL notified Plaintiffs that the league and other WPFL teams had charged Plaintiffs with 29 violations of the By-Laws and other league rules and regulations. Plaintiffs responded to those charges both in writing an in person at a special meeting held on March 6 and 7, 2004. During the meeting, evidence was presented and the board sustained 24 of the 29 charges against plaintiffs. A majority of

the board then voted, pursuant to the WPFL's By-Laws, to expel Plaintiffs.

On April 12, 2004, Plaintiffs filed this action against 38 defendants, including the Northern Ice football team, a team which currently plays football in the WPFL. Plaintiffs have since dismissed the Northern Ice, and on August 31, 2004, served upon it a subpoena which requires production of a documents in a host of categories. See Subpoena, attached as Exhibit 1 to the Affidavit of Brian D. Gross. Among the categories of documents requested are WPFL documents which are protected from discovery by the attorney client privilege and the work product doctrine, as well as confidential commercial information that is irrelevant to Plaintiffs' claims.

## ARGUMENT

While the scope of discovery is generally very broad, it is not without its limits. Pursuant to Fed. R. Civ. P. 26(c), a Court may issue a protective order in order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including issuing an order that requested discovery not be had or that the discovery sought be had only on specified terms and conditions.

A Court will issue a protective order where a party seeks to discover materials or information which is protected by a privilege, particularly the attorney-client privilege, because it is not discoverable. Flynn v. Church of Scientology

International, 116 F.R.D. 1, 3 (D. Mass. 1986); see also Fed. R. Civ. P. 26(b)(1) and 26(c). In addition, a Court will protect from discovery materials prepared in anticipation of litigation or trial, absent a showing by the requesting party that they have a substantial need of the materials. Fed. R. Civ. P. 26(b)(3); Flynn, 116 F.R.D. at 3.

Pursuant to their subpoena on the Northern Ice, Plaintiffs seek documents, including, but not limited to, those related to this action and the proposed restructuring of the WPFL, which are exempted from discovery by the attorney-client privilege and the attorney work product doctrine. Because the attorney-client privilege renders the documents exempt from discovery, and because Plaintiffs have not made any showing that they have a substantial need for any of the documents prepared in anticipation of litigation, the Court should issue a protective order denying Plaintiffs discovery of these materials.

In addition, Plaintiffs seek other documents, including, but not limited to those related to the WPFL budget, which are irrelevant and not calculated to lead to discovery of admissible evidence. Although the scope of discovery should be liberally construed so as to provide parties with information essential to proper litigation on all the facts, "[a] party may not utilize discovery as a vehicle for obtaining information concerning his adversary which, although perhaps useful for private purpose, in no way concerns the pending litigation." Smith & Zobel, 7 Mass. Practice § 26.3, p. 206. Consequently, only relevant matters

4

may be the subject of discovery. <u>See</u> Fed. R. Civ. P. 26(b)(1);
<u>Flynn</u>, 116 F.R.D. at 3. "[W]here the relevance of information
sought in discovery proceedings is questionable ... discovery of
the requested information will be denied." <u>Id</u>, quoting *Moore
Federal Practice,* Vol. 4, p. 26-431. Furthermore, courts will
not allow "parties to roam in shadow zones of relevancy and to
explore a matter which does presently appear germane on the
theory that it might conceivably become so." <u>Lemanik v. McKinley
Allsopp, Inc.</u>, 125 F.R.D. 602, 608 (S.D.N.Y. 1989).

Among the many categories of documents sought by
Defendants, the subpoena also demands production of documents
related to the WPFL's budget and financial records. These
documents are probative of nothing related to Plaintiffs' claims
that Defendants unlawfully expelled Plaintiffs and infringed on
their alleged intellectual property and are not likely to lead to
the discovery of admissible evidence. It is intended solely to
harass the Defendants. The only relevance the WPFL's budget and
financial records could possibly have are to the Defendants
ability to satisfy any judgment Plaintiffs' may obtain. That is
not, however, a subject of permissible discovery. Discovery
concerning a defendant's financial status or ability to satisfy a
judgment is ordinarily not permitted because such matters are not
typically relevant to the trial issues. <u>See e.g.</u>, Am. Jur.2d,
<u>Depositions and Discovery</u> § 38 (2004). Here, Defendants' ability
to satisfy a judgment is not relevant to Plaintiffs' claims and
the Court should not permit discovery of the financial records.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants motion for a protective order.

## REQUEST FOR HEARING

Defendants request a hearing on their Motion for Protective Order if the Court deems such hearing necessary.

## LR 7.1(A)(2) CERTIFICATION

Pursuant to LR 7.1(A)(2) counsel for Defendants/Counter-Plaintiffs hereby certifies that counsel attempted in good faith to contact Plaintiffs' counsel in an effort to resolve or narrow the issues contained in this motion.

The Defendants/Counter-Plaintiffs,
By Their Attorneys,

Brian D. Gross
BBO No. 637718
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA  02110-3536
(617) 737-3100

and

Carlton D. Wilde
Pro Hac Vice
FRANKLIN, CARDWELL & JONES
1001 McKinney, 18th Floor
Houston, TX  77002

Dated:   September 17, 2004

## CERTIFICATE OF SERVICE

I, Brian D. Gross, attorney for the Defendants/Counter-Plaintiffs in the above-captioned action, hereby certify that I served a copy of the foregoing upon all counsel of record via first class mail, postage prepaid, on this 17th day of September, 2004.

Brian D. Gross

130992v1

7