UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA A. KORPACZ and <br> NEW ENGLAND STORM, LLC, <br><br>       Plaintiffs, <br><br>   v. <br><br> WOMEN'S PROFESSIONAL FOOTBALL LEAGUE <br> et al., <br><br>       Defendants. <br> _____ <br> WOMEN'S PROFESSIONAL FOOTBALL LEAGUE, <br> LONG BEACH AFTERSHOCK, <br> THEE TOLEDO REIGN, <br> DELAWARE GRIFFINS, <br> SYRACUSE STING, <br> HOUSTON ENERGY, <br> ARIZONA CALIENTE, <br> INDIANA SPEED, <br> MISSOURI AVENGERS, <br> MINNESOTA VIXEN, <br> DALLAS DIAMONDS, <br> NEW YORK DAZZLES, <br> LOS ANGELES AMAZONS, <br> SOCAL SCORPIONS, <br><br>       Counter-plaintiffs, <br><br>   v. <br><br> MELISSA A. KORPACZ and <br> NEW ENGLAND STORM, LLC, <br><br>       Counter-defendants. | Civil Action <br> No. 04-10735-RWZ |

### AFFIDAVIT OF BRIAN D. GROSS, ESQ.

I, Brian D. Gross, attorney for the Defendants/Counter-Plaintiffs, hereby depose and state as follows:

1.  I am associated with the law firm of Cooley Manion Jones LLP, and am one of the attorneys of record for the Defendants/Counter-Plaintiffs in the above-captioned action.

2. I am a member in good standing of the bar of the Commonwealth of Massachusetts and of the United States District Court for the District of Massachusetts.

3. Attached as Exhibit 1 is a true and accurate copy of the subpoena Plaintiffs served on the Northern Ice, that was subsequently served on Defendants/Counter-Plaintiffs by Plaintiffs' counsel.

Signed under the pains and penalties of perjury this 17th day of September 2004.

/Brian D. Gross, Esq.

1

08/31/2004 15:17 FAX                                                                    ☒002

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Eastern                  DISTRICT OF           Wisconsin

NEW ENGLAND STORM, LLC, et al                **SUBPOENA IN A CIVIL CASE**

V.

WOMEN'S PROFESSIONAL FOOTBALL LEAGUE, et al      Case Number:[1] 04-10735-RWZ – Pending in MA

TO: Northern Ice – Women's Professional Football Team
    1539 16th Avenue
    Kenosha, Wisconsin

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE  Cesari and McKenna  88 Black Falcon Avenue, Boston, MA 02210 | DATE AND TIME  9/20/2004 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Attorney for Plaintiff | 8/31/2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kevin Gannon, Esq.
Cesari and McKenna, LLP, 88 Black Falcon Avenue, Boston, MA 02210  Telephone: 617-951-2500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

08/31/2004 15:18 FAX                                                                                   ☒003

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                   DATE                    SIGNATURE OF SERVER

                                           _____
                                           ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A
## TO NORTHERN ICE SUBPEONA

### DEFINITIONS

A. The term "document" is used herein in its customary broad sense to include without limitation the following items, whether printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondences, communications, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, reports, opinions, notebooks, notes, photographs, minutes or recordings of minutes, including directors' meetings, reports or summaries of interviews, reports or summaries of investigation, opinions of counsel, agreements, reports or summaries of negotiations, brochures, advertisements, press releases, drafts of documents, videotapes, audio tapes, electronic mail, voice-mail, computer tapes or disks, computer printouts, computer directories, computer files and all material fixed in a tangible medium, including computers, of whatever kind known to or in the possession, custody and/or control of the Northern Ice. The term "document" also includes copies, which are not identical to the original.

B. The term "WPFL" or "Defendant" as used herein refers to and includes the Women's Professional Football League, its parents, predecessors, subsidiaries, officers, directors, employees, agents, attorneys and any and all persons and/or business entity acting and/or purporting to act for or on its behalf.

C. The term "Northern Ice" as used herein refers to and includes the Northern Ice Women's Professional Football Team, its parents, predecessors, subsidiaries,

officers, directors, employees, agents, attorneys and any and all persons and/or business entity acting and/or purporting to act for or on its behalf

D. The term "relating to" as used herein shall be interpreted broadly and shall include, but not be limited to, the following meanings: containing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, pertaining to and/or relating to the matters set forth.

E. The term "communication" shall be interpreted broadly and shall include, but not be limited to, correspondence, memoranda, notes, letters, discussions, electronic exchanges such as by computers or voice mail, and/or any record of any transmittal or exchange of information whether orally, in writing, in person, by electronic means or by telephone or otherwise including voice-mail and e-mail.

## DOCUMENT REQUESTS

1. All documents, referring and/or relating to any cease and desist letters issued to the Northern Ice.
1. All documents, referring and/or relating to Plaintiffs Article VIII Hearing.
2. All documents, referring and/or relating to Plaintiffs expulsion.
3. All documents, referring and/or relating to Plaintiffs lawsuit against said Defendants.
4. All documents, referring and/or relating to any proposed restructure of the WPFL entity both before and after the expulsion of Plaintiffs.
5. All documents, referring and/or relating to any threats of suspension, expulsion, Article VIII Hearing(s) and/or disciplinary action(s) taken on the

part of the Defendants against the Northern Ice because of any alleged connection with the Plaintiffs.

6. All documents, referring and/or relating to Plaintiffs after Plaintiffs expulsion.

7. All documents, referring and/or relating to relating to the WPFL budget.

8. All documents, referring and/or relating to any and all actions taken by or on behalf of Defendants or Lisa Vessey including but not limited to any and all correspondence from Lisa Vessey.