UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
Clerk's Office
USDC, Mass.
Date _10-7-04_
By
Deputy Clerk

| | |
|---|---|
| MELISSA A. KORPACZ and<br>NEW ENGLAND STORM, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>WOMEN'S PROFESSIONAL FOOTBALL LEAGUE<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action
No. 04-10735-RWZ

| | |
|---|---|
| WOMEN'S PROFESSIONAL FOOTBALL LEAGUE,<br>LONG BEACH AFTERSHOCK,<br>THEE TOLEDO REIGN,<br>DELAWARE GRIFFINS,<br>SYRACUSE STING,<br>HOUSTON ENERGY,<br>ARIZONA CALIENTE,<br>INDIANA SPEED,<br>MISSOURI AVENGERS,<br>MINNESOTA VIXEN,<br>DALLAS DIAMONDS,<br>NEW YORK DAZZLES,<br>LOS ANGELES AMAZONS,<br>SOCAL SCORPIONS,<br><br>    Counter-plaintiffs,<br><br>v.<br><br>MELISSA A. KORPACZ and<br>NEW ENGLAND STORM, LLC,<br><br>    Counter-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

The parties submit this Joint Statement pursuant to Local Rule 16.1 of the United States

District Court for the District of Massachusetts. Pursuant to Fed. R. Civ. P. 26(f), a meeting was

held between counsel for Plaintiffs and counsel for Defendants by telephone on July 19, 2004.

Despite their best efforts, the parties were unable to reach an agreement concerning the proposed

pretrial schedule or concerning the limitations on discovery events.

## AGENDA FOR SCHEDULING CONFERENCE

I.   **Proposed Pretrial Schedule**

A.   Plaintiffs propose the following pretrial schedule:

**October 15, 2004** – Deadline for motions to amend pleadings and/or add parties.

**November 30, 2004** – Deadline to complete factual discovery

**January 15, 2005** – Deadline for filing motions for summary judgment.

**February 15, 2005** – Deadline for serving expert reports on any issue as to which the party bears the burden of proof.

**February 28, 2005** – Deadline for rebuttal expert reports.

Plaintiffs believe that a relatively short pretrial schedule is appropriate for this case for at least two reasons. As shown in Plaintiffs' Motion for Pre-Judgment Attachment filed with this Court on September 3, 2004, Plaintiffs are concerned that, once the Defendants' 2004 season is concluded, they will claim an inability to pay, and/or intentionally avoid payment to Plaintiffs, of any money judgment awarded in this case, by dissolving and/or shifting assets additionally, as noted by Defendants below, they claim that they have only limited funds with which to conduct the discovery phase in this case. It is thus necessary to complete as much discovery, if not all discovery as soon as possible, prior to the completion of the 2004 WPFL season.

Moreover, given Defendants' arguments below, it seems as though they are only concerned with the issue of depositions of those WPFL Board Members who may be involved with Playoff or Championship Games. Plaintiffs submit that this is a fair issue, however,

2

Plaintiffs take serious offense once again to Defendants' unwarranted and unsubstantiated attacks on Plaintiff Korpacz as Defendants failed to even raise this issue or express concern regarding depositions during the 26(f) conference between the parties. Had Defendants done so, Plaintiffs would have agreed not to depose Board Members whose Defendant Associate Teams were in the Championship Game. However, Plaintiffs do oppose having to refrain from being able to depose any and all remaining WPFL Board Members who are owners of Defendant Associate Teams until after the WPFL Championship Game given (1) they only play one night a week on Saturday evenings and (2) only two of the fourteen Defendant Associate Teams will be in the Championship Game.

Second, Defendants propose that April 5, 2005 be the deadline for expert rebuttal. This is absolutely unacceptable to Plaintiffs given the fact that Defendants are well aware that Plaintiffs would begin their Strength and Conditioning Program for the next season as early as January 2005, while Tryouts would take place in late March and early April, and Mini-Camp would be in May. Defendants proposed pre-trial dates are not only meant to harass Plaintiffs, but also to sabotage any hope Plaintiffs have of playing in the 2005 season and cause them to sit out an additional year.

Plaintiffs contend that their proposed pre-trial schedule is fair and reasonable given the above and other considerations applicable to this case. Plaintiffs are anticipating a jury verdict in their favor prior to the kick-off of the 2005 season so as to secure their rightful place on the WPFL 2005 schedule.

B.    Defendants' propose the following discovery plan:

**November 15, 2004** - Deadline for motions to amend pleadings and/or add parties.

3

**December 31, 2004** – Deadline to complete factual discovery.

**February 15, 2005** – Deadline for filing motions for summary judgment.

**March 15, 2005** – Deadline for serving expert reports on any issue as to which the party bears the burden of proof.

**April 15, 2005** – Deadline for rebuttal expert reports.

Plaintiff Melissa Korpacz has previously stated an intent to disrupt and prevent the Women's Professional Football League ("WPFL") from playing football if her team is not permitted to play in the league. Moreover, as a former member of the WPFL and its Board of Directors, Plaintiffs are intimately familiar with the WPFL's game and travel schedule, which raises concern that Plaintiffs may use the scheduling of depositions to harass and disrupt the playing of the league's 2004 schedule, particularly the playoffs and championship game. Defendants' concerns seem well founded, as Plaintiffs' proposed discovery schedule appears calculated to coincide with the WPFL's playoffs and championship game. Consequently, Defendants request that depositions take place only on mutually agreeable dates, preferably with depositions of WPFL Board Members and representatives of playoff teams (to the extent any are taken) scheduled prior to October 29, 2004, and after November 29, 2004, to avoid conflict with the WPFL's playoffs and championship game. Defendants reserve the right to seek a protective order if Plaintiffs will not agree to mutually convenient deposition dates.

II.    **Proposed Limitations on Discovery Events**

A.    Plaintiffs' propose that because of the number of Defendants involved in this case and the limited amount of resources available to Plaintiffs to conduct deposition

discovery as opposed to written discovery, the limitations on discovery events set forth in the Federal Rules be expanded as follows:

     i.     Depositions - 20

     ii.    Interrogatories – 100

     iii.   Requests For Admissions – 200

     iv.   Sets of Request For Production of Documents – 4

Given the number of Defendants involved in this case (15), if Plaintiffs were to depose only one witness from each Defendant Associate Team and only 4 WPFL Executive Officers and none of their own witnesses, they will have exhausted the number of depositions in no time. Defendants' proposed number of depositions clearly would prevent Plaintiffs from being able to bring certain factors to light and establish certain facts given the number of allegations and Defendants in the case at hand. Plaintiffs submit that the available number of interrogatories, requests for admissions and sets of document requests be expanded because, given cost limitations, they plan to use these written discovery vehicles to pursue most of the discovery in the case.

B.     The Defendants have limited resources with which to conduct discovery in this matter. Plaintiffs' expanded discovery proposal raises concerns that Plaintiffs are planning to use the discovery process to deplete those limited resources, and overburden and harass Defendants. Consequently, due to all of the parties' limited resources, Defendants propose that the limitations on written discovery be modestly expanded, while depositions limited as follows:

     i.     Depositions – 10

     ii.    Interrogatories – 50

     iii.     Requests For Admissions – 50

     iv.     Sets of Request For Production of Documents – 2

While Defendants have agreed to a limit of 10 depositions, Defendants do not believe that number of depositions is necessary, considering the expanded written discovery and the parties' limited resources. Thus, Defendants reserve their right to seek a protective order with respect to excessive depositions.

**III.**    **Trial Before a Magistrate Judge**

The parties do not assent to a trial before a magistrate judge.

**IV.**    **Alternative Dispute Resolution**

     A.     Plaintiffs do not agree to alternative dispute resolution.

     B.     Defendants would agree to some form of alternative dispute resolution.

**V.**    **Certifications**

Local Rule 16.1(D)(3) certifications will be filed by each of the parties under separate cover.

Dated: September ~~October~~ 7, 2004

Plaintiff New England Storm, LLC
By its Attorneys,

_____
Thomas C. O'Konski BBO# 377475
Kevin Gannon BBO# 640931
Cesari and McKenna, LLP
88 Black Falcon Avenue
Boston, MA 02210
617-951-2500 (phone)
617-951-3927 (fax)


_____
Melissa A. Korpacz. - Pro Se
P.O. Box 808 Medford, MA 02155
781-866-9700 (phone)
617-951-3927(fax)

Defendants,
By their Attorneys,

_____
Brian D. Gross, BBO# 637718
Cooley Manion Jones, LLP
21 Custom House Street
Boston, MA 02110
(T) 617-737-3100
(F) 617-737-0374

and


Carlton D. Wilde, Jr.
Franklin, Cardwell & Jones, P.C.
1001 McKinney
Houston, TX 77002
(T) 713-222-6025
(F) 713-222-0938