affirmatively states that plaintiff Korpacz agreed in writing "that the [second set of] charges may be heard at 9:00 a.m., on March 6, 2004, as part of the Article VIII proceedings commenced on February 23, 2004."

107. Defendant denies that the quoted sentence was contained in any notice to plaintiffs regarding the Article VIII charges brought against them. Answering further, Defendant states that the quoted sentence appears in a letter from the Commissioner to the Executive Director and the WPFL board regarding the status of the Austin Rage football team.

108. Defendant admits that plaintiff Korpacz inquired about the attorneys hired by the WPFL but deny the remaining allegations in paragraph 108.

109. Defendant admits that a meeting was held via conference call to discuss the status of the Austin Rage. Defendant also admits that the WPFL board did not allow plaintiff Korpacz to attend the meeting due to the suspension that was imposed on February 24, 2004.

110. Defendant admits that the WPFL board ruled that the Austin Rage football team had violated WPFL Bylaws, and that the WPFL board ordered the Austin Rage to pay damages and a fine totaling $15,000 on or before May 1, 2004. Defendant denies the remaining allegations in paragraph 110.

111. Defendant admits that plaintiffs were suspended on February 24, 2004. Defendant denies that plaintiffs have stated the complete terms of the suspension.

112. Defendant denies the allegations in paragraph 112.

113. Defendant denies the allegations in paragraph 113.

114. Defendant lacks information sufficient to admit or deny plaintiffs' allegations regarding discussions that took place at a meeting that was not authorized by WPFL Bylaws or attended by a quorum of WPFL board members. Defendant denies that the Commissioner was terminated by the WPFL board.

115. Defendant denies that the Commissioner was terminated by the WPFL board. Answering further, Defendant admits that plaintiff Korpacz was informed that Robert's Rules would be enforced at the special WPFL board meeting in accordance with WPFL Bylaws. Defendant denies the remaining allegations in paragraph 115.

116. Defendant admits the allegations in paragraph 116. Answering further, Defendant states that plaintiffs have omitted other material statements contained in the Commissioner's correspondence.

117. Defendant is unable to admit or deny plaintiffs' allegations regarding the Commissioner's "non-vested" status as that term is unintelligible. Defendant admits that the Commissioner has not invested any money in the WPFL or any of its teams. Answering further, Defendant states that no person or entity can lawfully "own" the WPFL or receive capital distributions from it because the WPFL is a tax-exempt organization. Defendant additionally states that the WPFL Bylaws prohibit the Commissioner from having any ownership interest in any WPFL team.

118. Defendant admits that the Executive Director of the WPFL obtained unanimous consent to proceed with the Article VIII hearing

against plaintiffs before the start of the board's semi-annual meeting. Defendant denies the remaining allegations in paragraph 118.

118[sic]. [Plaintiffs have misnumbered this paragraph.] Defendant admits that directors and alternate directors who were authorized to attend WPFL board meetings were present at the March 6, 2004 special meeting and at the regular semi-annual meeting that followed.

119. Defendant admits that a chapter of Robert's Rules was copied and distributed to board members at the special meeting on March 6, 2004, and that a confidentiality agreement was presented for signature. Answering further, Defendant states that duplicate copies of the charges against plaintiffs also were on the table.

120. Defendant admits that then-director Rufino Uribe initially attempted to claim the floor and was ruled out of order in accordance with Robert's Rules. Answering further, Defendant states that Mr. Uribe was given the floor in due course, and that Mr. Uribe declined to present any motion regarding the Commissioner's continuing authority. Defendant denies the remaining allegations in paragraph 120.

121. Defendant admits that the Commissioner ruled that Mr. Uribe was out of order and that the Commissioner continued to preside over the meeting with the consent of the WPFL board. Defendant denies the remaining allegations in paragraph 121.

122. Defendant denies the allegations in paragraph 122. Answering further, Defendant states that all teams in attendance at the March 6, 2004 board meeting were under contract with the WPFL.

123. Defendant admits that plaintiff Korpacz disagreed with the language set forth in the Confidentiality Agreement that was approved by WPFL board members. Defendant denies the remaining allegations in paragraph 123.

124. Defendant denies the allegations in paragraph 124.

125. Defendant admits that the WPFL board approved the Confidentiality Agreement as drafted. Defendant denies the remaining allegations in paragraph 125.

126. Defendant admits that plaintiff Korpacz did not sign the Confidentiality Agreement but deny the remaining allegations in paragraph 126.

127. Defendant admits that plaintiffs were under suspension and, therefore, were not allowed to vote until the board ruled on the pending Article VIII charges against plaintiffs. Defendant denies the remaining allegations in paragraph 127.

128. Defendant admits that the WPFL board commenced a hearing on the Article VIII charges against plaintiffs pursuant to proper notice and in accordance with WPFL Bylaws.

129. Defendant admits that the Article VIII hearing was conducted in accordance with Robert's Rules and WPFL Bylaws, which call upon charged parties to admit or deny guilt.

130. Defendant admits that the Article VIII hearing was conducted in accordance with Robert's Rules and WPFL Bylaws. Defendant denies the remaining allegations in paragraph 130.

131. Defendant admits that plaintiffs were found guilty on almost all of the 29 charges dated February 23, 2004. Defendant denies the remaining allegations in paragraph 131.

132. Defendant denies the allegations in paragraph 132.

133. Defendant denies the allegations in paragraph 133.

134. Defendant denies the allegations in paragraph 134.

135. Defendant denies the allegations in paragraph 135.

136. Defendant admits the allegations in paragraph 136.

137. Defendant denies the allegations in paragraph 137.

138. Defendant lacks information sufficient to admit or deny the allegations regarding plaintiff Korpacz's travel on or about March 8, 2004. Defendant admits that a notice of expulsion was posted on the WPFL's website in accordance with a WPFL board resolution adopted on March 6, 2004. Defendant denies the remaining allegations in paragraph 138.

139. Defendant lacks information sufficient to admit or deny the allegations in paragraph 139.

140. Defendant admits the allegations in paragraph 140.

141. Defendant denies the allegations in paragraph 141.

142. Defendant denies the allegations in paragraph 142.

143. Defendant admits that a directive was issued which prohibited board members from having any contacts with plaintiffs without the prior knowledge and consent of the Executive Director or the Commissioner. Defendant denies the remaining allegations in paragraph 143.

144. Defendant admits that a set of proposed resolutions was submitted to WPFL board members by the Executive Director on March 22, 2004. Defendant denies the remaining allegations in paragraph 144.

145. Defendant denies the allegations in paragraph 145.

146. Defendant denies the allegations in paragraph 146.

## COUNT I

1. Defendant incorporates herein by reference its answers to paragraphs 1 through 146 above as though fully set forth in this paragraph 1 of Count I.

2. Defendant denies that plaintiff Korpacz is the originator or owner of the WPFL name and trade mark, or any other intellectual property relating to the WPFL. Defendant lacks knowledge sufficient to admit or deny the allegations regarding the origination and ownership of intellectual property relating to plaintiff Storm.

3. Defendant denies the allegations in paragraph 3 of Count I.

4. Defendant denies the allegations in paragraph 4 of Count I.

5. Defendant denies the allegations in paragraph 5 of Count I.

6. Defendant denies the allegations in paragraph 6 of Count I.

7. Defendant denies the allegations in paragraph 7 of Count I.

## COUNT II

1. Defendant incorporates herein by reference its answers to paragraphs 1 through 146 above as though fully set forth in this paragraph 1 of Count II.

2. Defendant denies the allegations in paragraph 2 of Count II.

3. Defendant denies the allegations in paragraph 3 of Count II.

4. Defendant denies the allegations in paragraph 4 of Count II.

5. Defendant denies the allegations in paragraph 5 of Count II.

6. Defendant denies the allegations in paragraph 6 of Count II.

7. Defendant denies the allegations in paragraph 7 of Count II.

8. Defendant denies the allegations in paragraph 8 of Count II.

9. Defendant denies the allegations in paragraph 9 of Count II.

10. Defendant denies the allegations in paragraph 10 of Count II.

11. Defendant denies the allegations in paragraph 11 of Count II.

12. Defendant denies the allegations in paragraph 12 of Count II.

13. Defendant denies the allegations in paragraph 13 of Count II.

## COUNT III

1. Defendant incorporates herein by reference its answers to paragraphs 1 through 146 above as though fully set forth in this paragraph 1 of Count III.

2.  Defendant denies the allegations in paragraph 2 of Count III.

3.  Defendant denies the allegations in paragraph 3 of Count III.

4.  Defendant denies the allegations in paragraph 4 of Count III.

5.  Defendant denies the allegations in paragraph 5 of Count III.

6.  Defendant denies the allegations in paragraph 6 of Count III.

## COUNT IV

1.  Defendant incorporates herein by reference its answers to paragraphs 1 through 146 above as though fully set forth in this paragraph 1 of Count IV.

2.  Defendant denies the allegations in paragraph 2 of Count IV.

3.  Defendant denies the allegations in paragraph 3 of Count IV.

4.  Defendant denies the allegations in paragraph 4 of Count IV.

5.  Defendant denies the allegations in paragraph 5 of Count IV.

## COUNT V

1.  Defendant incorporates herein by reference its answers to paragraphs 1 through 146 above as though fully set forth in this paragraph 1 of Count V.

23

2. Defendant denies the allegations in paragraph 2 of Count V.

3. Defendant denies the allegations in paragraph 3 of Count V.

4. Defendant denies the allegations in paragraph 4 of Count V.

**COUNT VI**

1. Defendant incorporates herein by reference its answers to paragraphs 1 through 146 above as though fully set forth in this paragraph 1 of Count VI.

2. Defendant denies the allegations in paragraph 2 of Count VI.

3. Defendant denies the allegations in paragraph 3 of Count VI.

4. Defendant denies the allegations in paragraph 4 of Count VI.

5. Defendant denies the allegations in paragraph 5 of Count VI.

**COUNT VII**

1. Defendant incorporates herein by reference its answers to paragraphs 1 through 146 above as though fully set forth in this paragraph 1 of Count VII.

2. Defendant lacks information sufficient to admit or deny the allegations in paragraph 2 of Count VII.

3. Defendant denies that all of them are engaged in trade or commerce in the Commonwealth of Massachusetts. Defendant admits that they are engaged in trade or commerce elsewhere in the United States.

4. Defendant denies the allegations in paragraph 4 of Count VII.

5.  Defendant denies the allegations in paragraph 5 of Count VII.

6.  Defendant denies the allegations in paragraph 6 of Count VII.

7.  Defendant denies the allegations in paragraph 7 of Count VII.

### Defendant's Affirmative Defenses

#### FIRST DEFENSE

Defendant denies each and every material allegation of the complaint except as specifically admitted.

#### SECOND DEFENSE

Defendant denies that the plaintiffs are entitled to the damages claimed or to the relief demanded.

#### THIRD DEFENSE

Defendant states that the causes of action in plaintiffs' complaint did not accrue nor were brought within the time limited by statute for commencement of such actions.

#### FOURTH DEFENSE

Defendant states that the Court lacks subject matter jurisdiction over the causes of action alleged in plaintiffs' complaint pursuant to applicable statutes.

#### FIFTH DEFENSE

Defendant states that the plaintiffs' complaint fails to state a cause of action upon which relief can be granted.

#### SIXTH DEFENSE

Defendant states the plaintiffs have failed to join a party or

25

parties necessary for a just adjudication of this matter and have further omitted to state any reasons for such failure.

### SEVENTH DEFENSE

Defendant states that the plaintiffs willingly, knowingly, and voluntarily assumed the risk of the alleged damages for which relief is sought in this matter.

### EIGHTH DEFENSE

Defendant states that the plaintiffs' claims against this defendant are barred because the damages or losses experienced, if any, were not due to any act or failure to act of this defendant, but were caused solely by the acts of a third-party or parties for whose acts or failure to act this defendant is not responsible.

### NINTH DEFENSE

Defendant states that the plaintiffs are guilty of contributory negligence, comparative negligence and/or assumption of the risk and that damages, if any, recovered by the plaintiffs from this defendant should be reduced in proportion to the said fault of the plaintiffs.

### TENTH DEFENSE

Defendant states Plaintiffs lack standing to bring the causes of action detailed in their Amended Complaint.

### ELEVENTH DEFENSE

Defendant states that the plaintiffs' claims are barred by estoppel or waiver.

### TWELFTH DEFENSE

Defendant states that the plaintiffs have failed to mitigate damages and the plaintiffs are therefore, barred from recovery.

26

**THIRTEENTH DEFENSE**

Defendant states that all alleged statements made by Defendants were truthful and privileged.

**FOURTEENTH DEFENSE**

Defendant states that the plaintiffs are guilty of laches in bringing this action and are therefore barred from recovery.

**FIFTEENTH DEFENSE**

Defendant states that process and/or service of process was insufficient.

**SIXTEENTH DEFENSE**

Defendant states that the Amended Complaint fails to comply with Fed. R. Civ. P. 9(b) in failing to set forth with particularity the fraud alleged.

**SEVENTEENTH DEFENSE**

Defendant states that Plaintiffs' contract claims must fail because of a lack or failure of consideration.

WHEREFORE, Defendant requests that this Honorable Court:

A.  Dismiss plaintiffs' Counts I-VII with prejudice;

B.  Enter declaratory judgment in favor of the WPFL declaring that the WPFL and its constituent teams acted lawfully at all relevant times;

C.  Enter final judgment against plaintiffs and in favor of Defendant, as the prevailing party, in the amount of Defendant's reasonable court costs and attorney fees; and

D.  Award such other and further relief as the Court deems just and equitable.

27

**JURY DEMAND**

The Defendant demands a trial by jury on all issues so triable.

The Dayton Rebellion,
By Its Attorneys,

/s/ Brian D. Gross
Brian D. Gross
BBO No. 637718
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA  02110-3536
(617) 737-3100

and

Carlton D. Wilde
Pro Hac Vice
FRANKLIN, CARDWELL & JONES
1001 McKinney, 18th Floor
Dated:  October 6, 2004        Houston, TX  77002

**CERTIFICATE OF SERVICE**

I, Brian D. Gross, attorney for the Defendant in the above-captioned action, hereby certify that I served a copy of the foregoing upon all counsel of record via first class mail, postage prepaid, on this 6th day of October, 2004.

/s/ Brian D. Gross
Brian D. Gross

131137v1

28