UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND STORM, LLC., )<br>MELISSA A. KORPACZ, JD )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>WOMEN'S PROFESSIONAL )<br>FOOTBALL LEAGUE ("WPFL") et al )<br>_____) | **CIVIL ACTION NO: 04-10735-RWZ** |

## **PROTECTIVE ORDER**

Upon motion of all the parties for a Protective Order pursuant to Fed.R.Civ.P 26(c), it is hereby ORDERED that:

1. All "Confidential Information" produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information" as used herein means any information of any type, kind or character and in any form, which is designated as "Confidential" by the Supplying Party, whether it be in a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.

3. Any Confidential Information reduced to writing that is produced by a party (the "Supplying Party") either voluntarily or pursuant to an order, and which is asserted by that party to contain or constitute Confidential Information shall be so designated by the Supplying Party before production to the recipient (the "Receiving Party"). Each page of a document containing Confidential Information shall be marked "Confidential." Confidential Information adduced in testimony, shall be identified on the record as "Confidential." Portions of depositions or the trial record disclosing such Confidential Information shall be separately bound and, when introduced into the trial record, shall be taken *in camera* by the Court if the Court so approves.

4. Confidential Information submitted in accordance with the provisions of this Order shall only be made available to those persons designated in accordance with the provisions of this Order and only if such persons shall first read this Order and shall have agreed in writing:

    a.    to be bound by the terms thereof;

    b.    to maintain such Confidential Information in confidence;

    c.    not to reveal the Confidential Information to anyone other than another person designated by this Order as a proper recipient; and

    d.    to utilize such Confidential Information solely for the purposes of this proceeding.

5. Pursuant to this Order, subject matter designated by the Supplying Party as "Confidential" may be disclosed by the Receiving Party only:

    a.    to attorneys and pro se litigant who have formally appeared in this lawsuit as representing the Receiving Party and to the partners, associates and employees of such attorneys or law firms with which such attorneys are associated;

    b.    to directors, officers, management or executive employees of any party in this action, including former directors, officers, management or executive employees of the Women's Professional Football League or Teams affiliated with the Women's Professional Football League (i) who are actively engaged in assisting counsel with the prosecution or defense of this action; or (ii) who are being advised by counsel regarding this action and the particular disclosure is reasonably necessary with regard to the legal advice being rendered;

    c.    Persons or entities noticed for depositions or designated as trial witnesses and their counsel to the extent reasonably and in good faith deemed necessary by counsel for any of the parties adequately to prepare such deponents and witnesses to testify. Prior to disclosure, the proposed recipient shall read and sign an Agreement in writing in the form annexed hereto as Exhibit A;

    d.    to experts retained by the Receiving Party for the purpose of providing an expert opinion or persons who are retained as consultants by the Receiving Party, but only if such Confidential Information is relevant to the issues upon which such expert is providing an opinion or the issues upon which the person is consulting;

    e    to any person testifying at trial or at a deposition who is an employee, partner, director, officer or agent of the Supplying or Receiving Party, except that such person may only receive such information during that person's testimony and may not retain any documents constituting or containing such confidential information; and

    e.    to the Court, including the Judge, jury, and any necessary court personnel.

6. Whenever any party proposes to use any Confidential Information subject to this Protective Order, by way of referring to the protected material in a memorandum or brief, or attaching it as an exhibit, or in any way filing any of the materials covered by this Protective Order with the Court, such party shall move for an order of impoundment. Such confidential information shall be filed with the Clerk of Court in a sealed envelope bearing the caption of the case and the following label:

> DOCUMENTS UNDER SEAL. CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A STIPULATED PROTECTIVE ORDER ENTERED BY THE COURT ON _____. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT.

The materials so filed shall be impounded until sixty (60) days after the entry of a final judgment, including any applicable appeal period, at which time counsel who filed the confidential information shall certify to opposing counsel that the materials have been retrieved from the Court.

7. A party desiring to disclose Confidential Information marked "Confidential" to retained experts under paragraph 4 or 5 (the "Disclosing Party") shall first obtain from each expert or consultant a signed undertaking in the form of Exhibit A hereto. A copy of such undertaking shall be served upon counsel for the other party (the "Designating Party") at the same time the Disclosing Party serves its expert reports

8. Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either:

   a. at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential by the reporter, as the designating party may direct, or

   b. within fourteen (7) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

All deposition transcripts not previously designated "Confidential" shall be treated as "Confidential" for a period of seven (7) days after the receipt of the transcript, and the transcript shall not be disclosed by a non-Designating Party to persons other than those persons named or approved pursuant to Paragraph 5 herein.

9. Aside from professional translators and stenographic reporters, the Designating Party shall have the right to exclude the following persons from a deposition before the taking of testimony that the Designating Party designates as subject to this Protective Order:

    a.    as to testimony designated as "Confidential", all persons except the deponent and counsel for the deponent (who agree to be bound by this Order), and any person authorized to receive disclosure under paragraph 5 of this Order;

10. Whenever matter designated as "Confidential" is to be discussed in a hearing or other court proceeding, any party claiming such confidentiality may, with permission of that Court only, exclude from the room any person who is not entitled under this Order to receive information designated as "Confidential."

11. Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing any document, whether designated as "Confidential," to any person who prepared the document or to whom copies of such document were addressed or delivered, regardless of designation pursuant to this Order.

12. A party shall not be obliged to challenge the propriety of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event any party disagrees at any stage of these proceedings with any such designation in full or in part, such party shall notify the supplier thereof; whereupon the parties shall confer in an effort to resolve the status of the subject information. If prior to, or at the time of such conference, the Disclosing Party withdraws its designation of such information, such supplier shall express that withdrawal by written notice submitted to the other party. In the event the Receiving Party and Supplying Party are unable to agree upon the confidential status of any information supplied by a party as "Confidential," any party or all parties to this Order may raise the issue of such status for the determination by the Court that, in its discretion, shall rule upon that issue. The burden of proving that information may appropriately be designated "Confidential" is on the party making such designation. Nothing in this Order shall abridge the right of any party to seek appropriate judicial review or relief in respect to any ruling that the Court may make.

13. No person may disclose any Confidential Information, except as provided in this Protective Order; but nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, consultant or experts, or to any third person, Confidential Information designated by it as "Confidential." Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of this Protective Order.

14. Notwithstanding anything contained herein to the contrary, no information shall be subject to the terms of this Protective Order even if designated "Confidential" by a party, to the extent that such information is in the public domain.

15. A third party who agrees in writing to be bound by the terms of this Protective Order may designate information produced by that third party as "Confidential," and such information produced in connection with this action shall be protected by the remedies and relief provided by this Protective Order.

16. Upon final termination of this litigation, each party subject to this Order shall assemble and return to the supplier all items (and all copies or duplications thereof) containing or disclosing Confidential Information which were submitted in accordance with this Order, exclusive of any notes or other attorney's work product that may have been placed thereon by counsel for the receiving party. All copies containing any such notes or other attorney's work product shall be destroyed and such party shall indicate in writing that such destruction has taken place. Receipt of the material returned to the Supplying Party shall be acknowledged in writing. A Receiving Party's obligations concerning Confidential Information continue after such information is returned or destroyed pursuant to this paragraph and after the conclusion of this litigation unless otherwise ordered.

17. After termination of this litigation, any party wishing to have any document previously marked as "Confidential" released from "Confidential" status over the objection of the Supplying Party shall remain bound by this Order unless released from the obligation of this Order by the Court after notice to the Supplying Party.

18. The inadvertent production or disclosure of any documents or other information or materials shall not be deemed a waiver or impairment of any claim of privilege or other protection, including but not limited to the attorney-client privilege, the protection afforded to work-product material, or the subject matter thereof, or the "Confidential" nature (including third-party confidentiality) of any such information, provided that the Supplying Party shall immediately notify the Receiving Party in writing when inadvertent production or disclosure is discovered. Upon receiving written notice from the Supplying Party of such inadvertent production or disclosure, all such documents or other information or materials, and all copies thereof, shall be kept by counsel for the Receiving Party and counsel shall not use them or the substance thereof for any purpose until further order of the Court or agreement by the parties. Any analyses, memoranda, or notes which were generated by the Receiving Party before receipt of such written notice based upon such inadvertently-produced or disclosed documents or information or materials shall also be kept by counsel for the Receiving Party and counsel shall not use them for any purpose until further order of the Court or agreement of the parties.

19. Nothing in this Order will prejudice any party from seeking amendments hereto broadening or restricting the rights or access to and use of Confidential Information, or other modification.

20.    This Order may be amended without leave of Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this case.

| | |
|---|---|
| Respectfully submitted,<br>MELISSA A. KORPACZ, JD and<br>NEW ENGLAND STORM, LLC.<br><br>*/s/ Melissa Korpacz* by /s/ TK<br>Melissa A. Korpacz (Pro Se)<br>P.O. Box 808<br>Medford, MA 02155<br><br>And, | Respectfully submitted,<br>WOMEN'S PROFESSIONAL FOOTBALL<br>LEAGUE et al.<br><br>*/s/ Brian D. Gross*<br>Brian D. Gross, (BBO# 637718)<br>Kerri L. McComiskey, BBO #651402<br>COOLEY MANION JONES, LLP<br>21 Custom House Street<br>Boston, MA 02110<br>Tel. (617) 737-3100<br><br>And,<br><br>Carlton Wilde<br>Pro Hac Vice<br>Franklin, Cardwell & Jones, P.C.<br>1001 McKinney<br>Houston, TX 77002 |
| */s/ TK*<br>Thomas C. O'Konski BBO# 377475<br>Kevin Gannon BBO# 640931<br>CESARI AND MCKENNA, LLP<br>88 Black Falcon Avenue<br>Boston, Massachusetts 02210<br>Tel. (617) 951-2500<br>Dated: December 8, 2004 | Dated: December 6, 2004 |

SO ORDERED:

Dated: _____

_____
United States District Judge Rya Zobel