UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND STORM, LLC.,<br>MELISSA A. KORPACZ, JD<br>    Plaintiffs,<br><br>v.<br><br>WOMEN'S PROFESSIONAL<br>FOOTBALL LEAGUE ("WPFL") et al | )<br>)<br>)<br>) **CIVIL ACTION NO: 04-10735-RWZ**<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION TO MODIFY CASE SCHEDULING ORDER

Plaintiff Melissa A. Korpacz ("Korpacz") and Plaintiff New England Storm, LLC ("Storm") (collectively "Plaintiffs") hereby move to modify the Case Scheduling Order to extend the close of fact discovery by three months until March 31, 2005. In support of this Motion, Plaintiffs state:

1. Fact discovery in this case is currently scheduled to close on December 31, 2004.

2. Defendants have refused to assent to an extension of the fact discovery deadline even though, to date, Defendants' have failed to take or attempt to take any discovery in this matter.

3. Plaintiffs have been attempting to complete fact discovery, but Defendants have hampered Plaintiffs' good faith efforts by continuously frustrating and delaying Plaintiffs' attempts to obtain discoverable information in a timely manner.

4. At the October Scheduling Conference, Defense Counsel represented to this Court that he would voluntarily produce all WPFL non-confidential documents which defense counsel indicated were "sitting in a box at his

office." In addition, at the Court's urging, Defendants promised that they would voluntarily produce all third party Northern Ice documents that Defendants had previously insisted be produced to defense counsel for "screening" rather than permitting the documents to be produced by Northern Ice directly to Plaintiffs in compliance with Plaintiffs' Subpoena Duces Tectum served on the Northern Ice on August 31, 2004.

5. Defendants have failed to comply with either of the above commitments, and during the months since the Scheduling Conference, Defendants have also failed to comply with their obligations under the Federal and Local Rules by refusing to produce any documents, including non-confidential documents in their possession, until a Stipulated Protective Order was signed and in place.

6. Despite Plaintiffs' repeated requests since the October Scheduling Conference, Plaintiffs' received no discovery until December 6, 2004. Specifically, on December 6, 2004, almost two months after their representations were made during the October Scheduling Conference and less than a month prior to the close of Fact Discovery, Defendants produced documents responsive to Plaintiffs' document requests.

7. Despite Defendants' initial document production, Defendants document production is far from complete.

## Production Of Documents

8. On October 26, 2004, Plaintiffs issued a request for the production of documents to Defendant WPFL.

9. On November 22, 2004 Defendants responded to each of the document requests in a systematic uniform fashion by cutting and pasting the same

objections over and over. Defendants' objections stated that Plaintiffs'
requests for documents were "overly-broad, unduly-burdensome, irrelevant,
harassing; as phrased, may call for production of documents protected from
disclosure by the attorney-client privilege, the work product exemption, or
generated in anticipation of litigation." *(See Exhibit 1 – Defendant WPFL's
Response to Plaintiffs' Document Requests)*

10. Plaintiffs requested additional information and informed Defendants that due
to the nature in which they chose to respond, Plaintiffs were unable to
identify which documents, if any at all, Defendants were going to produce.
Defendants responded that their answer(s) were appropriate. *(See Exhibit 2 –
Plaintiffs' E-mail Regarding the Requested Documents and Defendants'
Response)*.

11. Despite Plaintiffs' repeated requests for clarification, Defendants have never
provided any support for their aforementioned repetitive objections.

12. After numerous requests and notice that Plaintiffs intended to file a Motion
to Compel and a Motion for Sanctions should Defendants continue to
frustrate the discovery process, on December 6, 2004 Plaintiffs received 184
pages of documents from Defendant WPFL.

13. On December 15, 2004, Defendant WPFL produced another 720 pages of
confidential documents.

14. To date, Defendants have produced a total of 904 pages of documents with
less than two weeks before fact discovery closes.

15. Despite producing the aforementioned WPFL documents, Defendants have failed to produce a privilege log or respond to Plaintiffs' request for a more definite response.

16. There are numerous WPFL documents that are factually known by Plaintiffs to exist which have *not* been produced by Defendants (i.e., e-mail(s) from a New England Storm Player alleging that Plaintiff Korpacz violated her suspension as referred to by former Commissioner Vessey during Plaintiffs' Article VIII Hearings; a copy of the audio tape of Plaintiffs' Article VIII Hearings; e-mail(s) between Board Members and Executives of the WPFL discussing Plaintiff Korpacz and her status in the WPFL; etc.)

17. Given the present date, and Defendants' delays in producing discovery, Plaintiffs are unable to complete their discovery by December 31, 2004. Even if Defendants were to produce all the requested documents today, Plaintiffs would still not have enough time to investigate, request further discovery, prepare for and take necessary depositions.

### Third Party Documents

18. As referenced above, Defendants obtained third party Northern Ice documents by interfering with Plaintiffs' Subpoena Duces Tectum issued to the Northern Ice on August 31, 2004. Despite this Court's directive made during the October Scheduling Conference to turn over said documents, Defendants refused to produce *any* Northern Ice documents for almost three months until December 6, 2004.

19. Defendants represented during the October Scheduling Conference and in their Motion for a Protective Order filed with this Court, that there were

documents from the Northern Ice that were subject to the attorney-client privilege. Yet, upon receiving the Northern Ice documents produced on December 6, 2004, Plaintiffs requested that Defendants produce a privilege log for items that were withheld under a claim of privilege. Defendants responded that "a privilege log was not included with these documents because Defendants did not withhold production of any documents." *(See Exhibit 3 – Letter from Brian D. Gross to Melissa Korpacz dated December 6, 2004)*. This letter clearly contradicts representations made by defense counsel during the October Scheduling Conference.

## Interrogatories Propounded To Defendant WPFL and Individual Teams

20. On August 31, 2004, Plaintiff Korpacz served Defendant WPFL and fifteen individual Defendant Teams with "Plaintiff's First Set of Interrogatories" (hereinafter "Interrogatories"). To date, Defendants have failed to properly respond and fully answer Plaintiffs' interrogatories. *(See Exhibit 4 – Defendants' First Response to Interrogatories.)*.

21. Local Rule 26.5(C)(8)(a) specifically requires that a party responding to a contention interrogatory "identify each and every document (and, where pertinent, the section, article, or subparagraph thereof) which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the Interrogatory." Defendants have blatantly refused to comply with the aforementioned rule.

22. Defendants have also failed to adequately respond and fully answer Plaintiff Korpacz' First Set of Interrogatories propounded on August 31, 2004 to fifteen individual Defendant Teams.

23. Despite repeated requests, to date, Defendants have refused to appropriately respond to these Interrogatories and instead continue to interpose the same objection to each one Interrogatory.

24. On October 12, 2004, Plaintiff Korpacz notified Defendants that their response was non-responsive and informed Defendants that, pursuant to Fed. R. Civ. P. 33, contention interrogatories must be answered in full and Defendants initial response had failed to do so. Moreover, Plaintiffs informed Defendants that their offer to produce documents under Rule 33(d) was improper and that their statement that they would supplement their answers at a later date was insufficient. *(See Exhibit 5 – Letter from Missi Korpacz to Brian Gross dated October 12, 2004)*

25. Nevertheless, Defendants insisted that their responses were appropriate despite Plaintiffs' repeated requests to supplement. *(See Exhibit 6 – Plaintiffs' E-mails to Defendants to Supplement Their Answers to Plaintiffs' Interrogatories)*

26. Finally, on December 6, 2004, after Plaintiffs indicated they would be filing a Motion to Compel and Motion for Sanctions, Defendants supplemented their Answer to Plaintiffs' First Set of Interrogatories. Needless to say, this response was no more appropriate or responsive than Defendants initial response. *(See Exhibit 7 – Defendants' Supplemental Response To Plaintiffs' Interrogatory)*

27. One of Defendants' objections to Plaintiffs' Interrogatory was on the grounds that "it is a contention interrogatory and *discovery has not yet been completed."*

28. The aforementioned objection raised by Defendants is specious at best, especially given the fact that Defendants have yet to serve a single discovery request on Plaintiffs and discovery is set to close on December 31, 2004.

29. In light of the above, Plaintiffs will be unable to complete fact discovery by the December 31, 2004 deadline.

30. Plaintiffs respectfully request that the close of fact discovery be extended in order to allow the completion of fact discovery. Accordingly, Plaintiffs propose that the close of fact discovery be extended to March 31, 2004.

## Defendant New York Dazzle Production Of Documents

31. On December 16, 2004, Defendant New York Dazzle responded to Plaintiffs' Document Requests.

32. Once again Defendants responded in such a manner that was repetitive and Plaintiffs are unable discern what category of documents Defendant Dazzle will be producing.

33. To date, Plaintiffs still await Defendant Dazzles production of documents.

For all of the foregoing reasons, Plaintiffs submit that the present motion should be granted.

## CERTIFICATION UNDER LOCAL RULES 7.1(A)(2) and 37.1(B)

The undersigned, hereby certify that Plaintiffs have conferred with counsel for

Defendant, have attempted in good faith to resolve or narrow these issues and have

complied with the provisions of Local Rule 37.1

Dated: December 21, 2004

Plaintiff New England Storm, LLC
By its Attorneys,

_____
Thomas C. O'Konski BBO# 377475
Kevin Gannon BBO# 640931
Cesari and McKenna, LLP
88 Black Falcon Avenue, Boston, MA
617-951-2500 (phone)
617-951-3927 (fax)

Plaintiff Melissa A. Korpacz

_____
Melissa A. Korpacz - Pro Se
P.O. Box 808 Medford, MA  02155
781-866-9700 (phone)
617-951-3927 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon
the attorney of record for each other party by facsimile and first class mail on December
21, 2004:

Brian D. Gross
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA  02110

Carlton D. Wilde, Jr.
FRANKLIN, CALDWELL & JONES, PC
1001 McKinney, 18th Floor
Houston, TX 77002