UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA A. KORPACZ and<br>NEW ENGLAND STORM, LLC,<br><br>     Plaintiffs,<br><br>     v.<br><br>WOMEN'S PROFESSIONAL FOOTBALL LEAGUE<br>et al.,<br><br>     Defendants. | Civil Action<br>No. 04-10735-RWZ |

| |
|---|
| WOMEN'S PROFESSIONAL FOOTBALL LEAGUE,<br>LONG BEACH AFTERSHOCK,<br>THEE TOLEDO REIGN,<br>DELAWARE GRIFFINS,<br>SYRACUSE STING,<br>HOUSTON ENERGY,<br>ARIZONA CALIENTE,<br>INDIANA SPEED,<br>MISSOURI AVENGERS,<br>MINNESOTA VIXEN,<br>DALLAS DIAMONDS,<br>NEW YORK DAZZLES,<br>LOS ANGELES AMAZONS,<br>SOCAL SCORPIONS,<br><br>     Counter-plaintiffs,<br><br>     v.<br><br>MELISSA A. KORPACZ and<br>NEW ENGLAND STORM, LLC,<br><br>     Counter-defendants. |

## DEFENDANTS' SUPPLEMENTAL ANSWERS TO PLAINTIFF KORPACZ AND PLAINTIFF NEW ENGLAND STORM'S FIRST SET OF INTERROGATORIES

Defendants/Counter-Plaintiffs Women's Professional Football League ("WPFL"), Long Beach Aftershock, The Toledo Reign, Delaware Griffins, Dayton Rebellion, Syracuse Sting, Houston Energy Football, Inc., Arizona Caliente, Indiana Speed, Missouri Avengers, Minnesota Vixen, Dallas Diamonds, New York Dazzles

Football, Los Angeles Amazons, and SoCal Scorpions,

(collectively, "Defendants"), by and through their counsel,

hereby supplement their response, pursuant to Fed. R. Civ. P. 26

and 33, to Plaintiffs' First Set of Interrogatories.

The following responses are based upon information and

writings presently available to and located by Defendants and

their attorneys. Defendants have not completed their

investigation of the facts relating to this action, have not

completed discovery, and have not completed preparation for

trial. The information provided in the following responses is

without prejudice to Defendants' right to revise or supplement

these responses if necessary.

### GENERAL OBJECTIONS

1.  Defendants object to the following interrogatories to

the extent they seek production of information subject to the

attorney-client or other applicable privilege or information

exempt from discovery pursuant to the work-product doctrine.

2.  Defendants object to the definitions and instructions

section of these interrogatories to the extent they purport to

impose obligations inconsistent with or in addition to the

Federal Rules of Civil Procedure.

3.  The following responses are based on information now

known. Defendants have not completed their discovery or

preparation for trial in this action and, therefore, reserve

their rights to amend, modify or supplement the objections or

responses stated herein.

4.    Defendants object to the interrogatories to the extent that they purport to require information not reasonably available to Defendants.

5.    Defendants also object to these interrogatories to the extent they call for the application of law to fact because discovery has not been completed.  Consequently, Defendants reserve their right to supplement or amend any and all of their answers which apply law to fact.

6.    These general objections are incorporated by reference into each specific response below.

## INTERROGATORIES

INTERROGATORY NO. 1:  For each of the numbered paragraphs in Plaintiffs' Amended Complaint that Defendant did not fully admit without qualification, state in detail the factual and legal bases for Defendants' refusal to admit all or part of the allegation and identify all documents which support or contradict such refusal.

ANSWER:  Defendants object to this interrogatory on the grounds that it is a contention interrogatory and discovery has not been completed.  Defendants also object to this interrogatory because it is vague and ambiguous in that it fails to identify the information requested with reasonable specificity.  In addition, Defendants object to this interrogatory because it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Defendants object to

3

this interrogatory because it seeks production of information subject to the attorney-client or other applicable privilege or information exempt from discovery pursuant to the work-product doctrine. Subject to and without waiving their objections, Defendants state that the bases for their responses to plaintiffs' allegations are set forth in their Answer to plaintiffs' amended complaint. Further answering, Defendants refer plaintiffs, pursuant to Fed. R. Civ. P. 33(d), to the documents Defendants will produce in this action upon the execution of a Protective Order. Subject to the foregoing, Defendants state that plaintiffs were properly expelled from the WPFL as a result of engaging in various behaviors that were detrimental to the league. These behaviors are well known to plaintiffs, as plaintiffs were given notice of these improper behaviors and given notice that these behaviors were being investigated by the league. The investigation culminated in a hearing, which plaintiffs attended. At the hearing, plaintiffs were allowed to present evidence in support of their position. Plaintiffs have no ownership interest in the WPFL or the WPFL logo, nor do they have a protectable interest in the other logos, slogans and other marketing material plaintiffs contend are at issue in this case. Neither a person nor an entity can "own" a not-for-profit corporation. In addition, plaintiffs never acquired or maintained an ownership interest in the WPFL logo. Further, plaintiffs have no legally cognizable interest in the other logos, slogans, or other marketing material they contend

4

are at issue in this case. Finally, given that plaintiffs have never been able to make a profit from their WPFL franchise, plaintiffs cannot prove that their proper exclusion from the WPFL has caused them any damage. Defendants reserve the right to supplement this interrogatory because discovery is ongoing and plaintiffs have not yet produced documents.

As to Objections,

The Defendants/
Counter-Plaintiffs,

By Their Attorneys,

Brian D. Gross
BBO No. 637718
Kerri L. McComiskey
BBO No. 651402
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA  02110-3536
(617) 737-3100

and

Carlton D. Wilde
Pro Hac Vice
FRANKLIN, CARDWELL & JONES
1001 McKinney, 18th Floor
Houston, TX  77002

Dated:  December 6, 2004

CERTIFICATE OF SERVICE

I, Brian D. Gross, attorney for the Defendants/Counter-Plaintiffs in the above-captioned action, hereby certify that I served a copy of the foregoing upon all counsel of record via e-mail and first class mail, postage prepaid, on this 6th day of December, 2004.

Brian D. Gross

134596v1

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA A. KORPACZ and<br>NEW ENGLAND STORM, LLC,<br><br>       Plaintiffs,<br><br>       v.<br><br>WOMEN'S PROFESSIONAL FOOTBALL LEAGUE<br>et al.,<br><br>       Defendants. | Civil Action<br>No. 04-10735-RWZ |

WOMEN'S PROFESSIONAL FOOTBALL LEAGUE,
LONG BEACH AFTERSHOCK,
THEE TOLEDO REIGN,
DELAWARE GRIFFINS,
SYRACUSE STING,
HOUSTON ENERGY,
ARIZONA CALIENTE,
INDIANA SPEED,
MISSOURI AVENGERS,
MINNESOTA VIXEN,
DALLAS DIAMONDS,
NEW YORK DAZZLES,
LOS ANGELES AMAZONS,
SOCAL SCORPIONS,

       Counter-plaintiffs,

       v.

MELISSA A. KORPACZ and
NEW ENGLAND STORM, LLC,

       Counter-defendants.

## DEFENDANTS' SUPPLEMENTAL ANSWERS TO PLAINTIFF KORPACZ AND PLAINTIFF NEW ENGLAND STORM'S FIRST SET OF INTERROGATORIES

Defendants/Counter-Plaintiffs Women's Professional Football
League ("WPFL"), Long Beach Aftershock, The Toledo Reign,
Delaware Griffins, Dayton Rebellion, Syracuse Sting, Houston
Energy Football, Inc., Arizona Caliente, Indiana Speed, Missouri
Avengers, Minnesota Vixen, Dallas Diamonds, New York Dazzles

Football, Los Angeles Amazons, and SoCal Scorpions,
(collectively, "Defendants"), by and through their counsel,
hereby supplement their response, pursuant to Fed. R. Civ. P. 26
and 33, to Plaintiffs' First Set of Interrogatories.

The following responses are based upon information and
writings presently available to and located by Defendants and
their attorneys. Defendants have not completed their
investigation of the facts relating to this action, have not
completed discovery, and have not completed preparation for
trial. The information provided in the following responses is
without prejudice to Defendants' right to revise or supplement
these responses if necessary.

### GENERAL OBJECTIONS

1. Defendants object to the following interrogatories to
the extent they seek production of information subject to the
attorney-client or other applicable privilege or information
exempt from discovery pursuant to the work-product doctrine.

2. Defendants object to the definitions and instructions
section of these interrogatories to the extent they purport to
impose obligations inconsistent with or in addition to the
Federal Rules of Civil Procedure.

3. The following responses are based on information now
known. Defendants have not completed their discovery or
preparation for trial in this action and, therefore, reserve
their rights to amend, modify or supplement the objections or
responses stated herein.

2

4.    Defendants object to the interrogatories to the extent that they purport to require information not reasonably available to Defendants.

5.    Defendants also object to these interrogatories to the extent they call for the application of law to fact because discovery has not been completed. Consequently, Defendants reserve their right to supplement or amend any and all of their answers which apply law to fact.

6.    These general objections are incorporated by reference into each specific response below.

## INTERROGATORIES

INTERROGATORY NO. 1: For each of the numbered paragraphs in Plaintiffs' Amended Complaint that Defendant did not fully admit without qualification, state in detail the factual and legal bases for Defendants' refusal to admit all or part of the allegation and identify all documents which support or contradict such refusal.

ANSWER: Defendants object to this interrogatory on the grounds that it is a contention interrogatory and discovery has not been completed. Defendants also object to this interrogatory because it is vague and ambiguous in that it fails to identify the information requested with reasonable specificity. In addition, Defendants object to this interrogatory because it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to

3

this interrogatory because it seeks production of information subject to the attorney-client or other applicable privilege or information exempt from discovery pursuant to the work-product doctrine.  Subject to and without waiving their objections, Defendants state that the bases for their responses to plaintiffs' allegations are set forth in their Answer to plaintiffs' amended complaint.  Further answering, Defendants refer plaintiffs, pursuant to Fed. R. Civ. P. 33(d), to the documents Defendants will produce in this action upon the execution of a Protective Order.  Subject to the foregoing, Defendants state that plaintiffs were properly expelled from the WPFL as a result of engaging in various behaviors that were detrimental to the league.  These behaviors are well known to plaintiffs, as plaintiffs were given notice of these improper behaviors and given notice that these behaviors were being investigated by the league.  The investigation culminated in a hearing, which plaintiffs attended.  At the hearing, plaintiffs were allowed to present evidence in support of their position. Plaintiffs have no ownership interest in the WPFL or the WPFL logo, nor do they have a protectable interest in the other logos, slogans and other marketing material plaintiffs contend are at issue in this case.  Neither a person nor an entity can "own" a not-for-profit corporation.  In addition, plaintiffs never acquired or maintained an ownership interest in the WPFL logo. Further, plaintiffs have no legally cognizable interest in the other logos, slogans, or other marketing material they contend

4

are at issue in this case. Finally, given that plaintiffs have
never been able to make a profit from their WPFL franchise,
plaintiffs cannot prove that their proper exclusion from the WPFL
has caused them any damage. Defendants reserve the right to
supplement this interrogatory because discovery is ongoing and
plaintiffs have not yet produced documents.

As to Objections,

The Defendants/
Counter-Plaintiffs,

By Their Attorneys,

Brian D. Gross
BBO No. 637718
Kerri L. McComiskey
BBO No. 651402
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110-3536
(617) 737-3100

and

Carlton D. Wilde
Pro Hac Vice
FRANKLIN, CARDWELL & JONES
1001 McKinney, 18th Floor
Houston, TX 77002

Dated: December 6, 2004

5

## CERTIFICATE OF SERVICE

I, Brian D. Gross, attorney for the Defendants/Counter-Plaintiffs in the above-captioned action, hereby certify that I served a copy of the foregoing upon all counsel of record via e-mail and first class mail, postage prepaid, on this 6th day of December, 2004.

_____
Brian D. Gross

134596v1

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MELISSA A. KORPACZ and ) 
NEW ENGLAND STORM, LLC, )
                                       )
            Plaintiffs,                )
                                       )
        v.                             )    Civil Action
                                       )    No. 04-10735-RWZ
WOMEN'S PROFESSIONAL FOOTBALL LEAGUE   )
et al.,                                )
                                       )
            Defendants.                )
_____)
WOMEN'S PROFESSIONAL FOOTBALL LEAGUE,  )
LONG BEACH AFTERSHOCK,                 )
THEE TOLEDO REIGN,                     )
DELAWARE GRIFFINS,                     )
SYRACUSE STING,                        )
HOUSTON ENERGY,                        )
ARIZONA CALIENTE,                      )
INDIANA SPEED,                         )
MISSOURI AVENGERS,                     )
MINNESOTA VIXEN,                       )
DALLAS DIAMONDS,                       )
NEW YORK DAZZLES,                      )
LOS ANGELES AMAZONS,                   )
SOCAL SCORPIONS,                       )
                                       )
            Counter-plaintiffs,        )
                                       )
        v.                             )
                                       )
MELISSA A. KORPACZ and                 )
NEW ENGLAND STORM, LLC,                )
                                       )
            Counter-defendants.        )
_____)

## DEFENDANTS' SUPPLEMENTAL ANSWERS TO PLAINTIFF KORPACZ AND PLAINTIFF NEW ENGLAND STORM'S FIRST SET OF INTERROGATORIES

Defendants/Counter-Plaintiffs Women's Professional Football League ("WPFL"), Long Beach Aftershock, The Toledo Reign, Delaware Griffins, Dayton Rebellion, Syracuse Sting, Houston Energy Football, Inc., Arizona Caliente, Indiana Speed, Missouri Avengers, Minnesota Vixen, Dallas Diamonds, New York Dazzles

Football, Los Angeles Amazons, and SoCal Scorpions,
(collectively, "Defendants"), by and through their counsel,
hereby supplement their response, pursuant to Fed. R. Civ. P. 26
and 33, to Plaintiffs' First Set of Interrogatories.

The following responses are based upon information and
writings presently available to and located by Defendants and
their attorneys.  Defendants have not completed their
investigation of the facts relating to this action, have not
completed discovery, and have not completed preparation for
trial.  The information provided in the following responses is
without prejudice to Defendants' right to revise or supplement
these responses if necessary.

### GENERAL OBJECTIONS

1.  Defendants object to the following interrogatories to
the extent they seek production of information subject to the
attorney-client or other applicable privilege or information
exempt from discovery pursuant to the work-product doctrine.

2.  Defendants object to the definitions and instructions
section of these interrogatories to the extent they purport to
impose obligations inconsistent with or in addition to the
Federal Rules of Civil Procedure.

3.  The following responses are based on information now
known.  Defendants have not completed their discovery or
preparation for trial in this action and, therefore, reserve
their rights to amend, modify or supplement the objections or
responses stated herein.

2

4.     Defendants object to the interrogatories to the extent that they purport to require information not reasonably available to Defendants.

5.   Defendants also object to these interrogatories to the extent they call for the application of law to fact because discovery has not been completed.  Consequently, Defendants reserve their right to supplement or amend any and all of their answers which apply law to fact.

6.     These general objections are incorporated by reference into each specific response below.

### INTERROGATORIES

INTERROGATORY NO. 1:  For each of the numbered paragraphs in Plaintiffs' Amended Complaint that Defendant did not fully admit without qualification, state in detail the factual and legal bases for Defendants' refusal to admit all or part of the allegation and identify all documents which support or contradict such refusal.

ANSWER:  Defendants object to this interrogatory on the grounds that it is a contention interrogatory and discovery has not been completed.  Defendants also object to this interrogatory because it is vague and ambiguous in that it fails to identify the information requested with reasonable specificity.  In addition, Defendants object to this interrogatory because it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Defendants object to

3

this interrogatory because it seeks production of information subject to the attorney-client or other applicable privilege or information exempt from discovery pursuant to the work-product doctrine. Subject to and without waiving their objections, Defendants state that the bases for their responses to plaintiffs' allegations are set forth in their Answer to plaintiffs' amended complaint. Further answering, Defendants refer plaintiffs, pursuant to Fed. R. Civ. P. 33(d), to the documents Defendants will produce in this action upon the execution of a Protective Order. Subject to the foregoing, Defendants state that plaintiffs were properly expelled from the WPFL as a result of engaging in various behaviors that were detrimental to the league. These behaviors are well known to plaintiffs, as plaintiffs were given notice of these improper behaviors and given notice that these behaviors were being investigated by the league. The investigation culminated in a hearing, which plaintiffs attended. At the hearing, plaintiffs were allowed to present evidence in support of their position. Plaintiffs have no ownership interest in the WPFL or the WPFL logo, nor do they have a protectable interest in the other logos, slogans and other marketing material plaintiffs contend are at issue in this case. Neither a person nor an entity can "own" a not-for-profit corporation. In addition, plaintiffs never acquired or maintained an ownership interest in the WPFL logo. Further, plaintiffs have no legally cognizable interest in the other logos, slogans, or other marketing material they contend

4

are at issue in this case.  Finally, given that plaintiffs have
never been able to make a profit from their WPFL franchise,
plaintiffs cannot prove that their proper exclusion from the WPFL
has caused them any damage.  Defendants reserve the right to
supplement this interrogatory because discovery is ongoing and
plaintiffs have not yet produced documents.

As to Objections,

The Defendants/
Counter-Plaintiffs,

By Their Attorneys,

Brian D. Gross
BBO No. 637718
Kerri L. McComiskey
BBO No. 651402
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA  02110-3536
(617) 737-3100

and

Carlton D. Wilde
Pro Hac Vice
FRANKLIN, CARDWELL & JONES
1001 McKinney, 18th Floor
Houston, TX  77002

Dated:  December 6, 2004

## CERTIFICATE OF SERVICE

I, Brian D. Gross, attorney for the Defendants/Counter-Plaintiffs in the above-captioned action, hereby certify that I served a copy of the foregoing upon all counsel of record via e-mail and first class mail, postage prepaid, on this 6th day of December, 2004.

_____
Brian D. Gross

134596v1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEW ENGLAND STORM, LLC and | § | |
| MELISSA KORPACZ, JD, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Docket Number: |
| | § | 04-10735-RWZ |
| WOMEN'S PROFESSIONAL FOOTBALL | § | |
| LEAGUE, et. al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT WOMEN'S PROFESSIONAL FOOTBALL LEAGUE'S OBJECTIONS AND RESPONSES TO PLAINTIFF MELISSA KORPACZ' FIRST REQUEST FOR PRODUCTION

TO:    Plaintiff by and through her counsel of record, Kevin Gannon, Cesari & McKenna, LLP, 88 Black Falcon Avenue, Suite 271, Boston, MA 02210.

COMES NOW, DEFENDANT WOMEN'S PROFESSIONAL FOOTBALL LEAGUE and files its Objections and Responses to Plaintiff Melissa Korpacz' First Request for Production.

FRANKLIN, CARDWELL & JONES

By:  _____

Carlton Wilde
*Pro Hac Vice*
S.B. No. 21458001
1001 McKinney, 18th Floor
Houston, TX 77002
(713) 222-6025 (Telephone)
(713) 222-0938 (Telefax)
E-mail: wilde@fcj.com
Internet address:  http://www.fcj.com

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of November, 2004 a true and correct copy of the foregoing instrument was served upon all counsel of record via facsimile, hand-delivery and/or certified mail, return receipt requested, by placing same in the United States Mail, postage prepaid, properly addressed to the individuals listed below and a true copy of said instrument has been promptly filed with the Court together with this proof of service. I further certify that I have complied with the provisions of Rules 21 and 21a of the Texas Rules of Civil Procedure.

Kevin Gannon
Cesari & McKenna, LLP
88 Black Falcon Avenue, Suite 271
Boston, MA 02210

Melissa A. Korpacz
P.O. Box 808
Medford, MA 02155

Brian D. Gross
21 Custom House Street
Boston, MA 022110-3536

_____
Carlton Wilde

## OBJECTIONS TO REQUEST FOR PRODUCTION

1.    All documents dated on or before December 31, 2001 referring or relating to the Women's Professional Football League also known as the WPFL.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

2.    All documents referring or relating to the WPFL Bylaws.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

3.    All documents referring or relating to the WPFL Organizational Agreements.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

4.    All documents referring or relating to the WPFL Articles of Incorporation.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

5.    All documents referring or relating to WPFL Promotions, LLC.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

6.    All documents referring or relating to a WPFL Trust.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

7.    All documents referring or relating to the rights granted to Teams to play football.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

8.    All documents referring or relating to any Teams who were beneficiaries of the WPFL Trust.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

9.    All documents referring or relating to WPFL Founding Member Teams.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

10.    All documents referring or relating to Member Teams who entered the WPFL on or after January 1, 2002.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

11.    All documents referring or relating to Associate Teams who entered the WPFL on or after January 1, 2002.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

12.    All documents referring or relating to Affiliate Teams who entered the WPFL on or after January 1, 2002.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

13.    All documents referring or relating to Exhibition Teams who entered the WPFL on or after January 1, 2002.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

14.    All documents referring or relating to Expansion Teams who entered the WPFL on or after January 1, 2002.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

15.    All documents referring or relating to the WPFL Founding Members.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

16.    All documents created by the WPFL Founding Members.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

17.    All documents referring or relating to the WPFL Founding Member Team License Agreements.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

18.    All documents referring or relating to any consideration the WPFL Founding Members gave in exchange for their Founding Member Team License Agreements.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

19.    All documents referring or relating to each WPFL Founding Member receiving 750,000 units in WPFL Promotions, LLC.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

20.    All documents referring or relating to any consideration each WPFL Founding Member gave in exchange for their 750,000 units in WPFL Promotions, LLC.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

21.    All documents referring or relating to each WPFL Founding Member and their respective WPFL Executive appointments in 2002.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

22.    All documents referring or relating to the WPFL nomination and replacement ballot procedures for Executive positions from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

23.    All ballots referring or relating to the nominations and replacements of any WPFL Executive position from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

24.    All documents referring or relating to removal or replacement of any WPFL Executive Officer from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

25.    All documents referring or relating to all Board of Director's Meetings at which WPFL Executive positions were filled by nomination and election from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

26.    All documents referring or relating to any permission that was given to any Defendant Associate Team to use the slogan "It's Our Turn To Play!" in any manner.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

27.    All documents referring or relating to any permission that was given to any Defendant Associate Team to use the "football eyes" artwork in any manner.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

28.    All documents referring or relating to the WPFL name.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

29.    All documents referring or relating to Defendant's assertion that it has ownership interest in the WPFL name or logo.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

30.    All documents referring or relating to the WPFL logo oval shaped, in black and gold in color with the words WPFL through center and the words Women's Professional Football League positioned around the eagle.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

31.    All documents referring or relating to any negotiations made by anyone other than the WPFL Founding Members for rights to and ownership of the WPFL logo.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

32.    All documents referring or relating to payment made by anyone other than the WPFL Founding Members for the rights to and ownership of the WPFL logo.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

33.    All documents referring or relating to any consent given by any of the WPFL Founding Member signing away their interest in either the WPFL name or WPFL logo.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

34.    All documents referring or relating to Plaintiffs' failure to appear for a game in Syracuse, NY in 2002.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

35.    All documents referring or relating to WPFL License Agreements from 2002 until Present, including but not limited to all Defendant Associate Teams License Agreements.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

36.    All documents referring or relating to all WPFL financial statements; monthly bank statements; annual, quarterly, and/or monthly filings with government agencies, including but not limited to taxing authorities, for the WPFL from the date of organization until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

37.   All documents referring or relating to WPFL Confidentiality Agreements from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

38.   All documents referring or relating to any Confidentiality Agreements from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

39.   All documents referring or relating to WPFL Board of Director's Meetings from 2002 until present, including but not limited to all notifications, agendas and/or minutes from each meeting.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

40.   All documents referring or relating to WPFL Board Meetings from 2002 until present authorizing individuals to vote via proxy.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

41.   All documents referring or relating to the "WPFL Binder".

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

42.     An exact copy of the "WPFL Binder" as issued to incoming WPFL Teams from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

43.     All documents referring or relating to the WPFL Policy and Procedure Manual.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

44.     An exact copy of the WPFL Policy and Procedures Manual as issued to incoming WPFL Teams until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

45.     All documents referring or relating to Defendant WPFL.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

46.     All documents referring or relating to Defendant Syracuse Sting.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call

for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

47.    All documents referring or relating to Defendant Indiana Speed.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

48.    All documents referring or relating to Defendant to Defendant Dallas Diamonds.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

49.    All documents referring or relating to Defendant Houston Energy.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

50.    All documents referring or relating to Defendant Minnesota Vixen.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

51.    All documents referring or relating to Defendant Dayton Rebellion.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

52.    All documents referring or relating to Defendant Toledo Reign.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

53.    All documents referring or relating to Defendant New York Dazzle.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

54.    All documents referring or relating to Defendant Delaware Griffins.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

55.    All documents referring or relating to Defendant Arizona Caliente.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

56.    All documents referring or relating to Defendant Long Beach Aftershock.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

57.    All documents referring or relating to Defendant Los Angeles Amazons.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

58.     All documents referring or relating to Defendant So Cal Scorpions.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

59.     All documents referring or relating to Defendant Missouri Avengers.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

60.     All documents referring or relating to the Albany Ambush.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

61.     All documents referring or relating to the San Diego SunFire.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

62.     All documents referring or relating to Dayton Rebels.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

63.     All documents referring or relating to the Northern Ice.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

64.    All documents referring or relating to the Florida Stingrays.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

65.    All documents referring or relating to the Austin Rage.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

66.    All documents referring or relating to the Arizona Knighthawks.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

67.    All documents referring or relating to the Missouri Prowlers.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

68.    All documents referring or relating to Lisa Vessey in general and in her capacity as WPFL Commissioner from the time of her hiring until the present date.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

69. All documents referring or relating to Robin Howington in general and as Executive Director and/or Treasurer of the WPFL from the time of her appointment until the present date.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

70. All documents referring or relating to Beth Markell in general and as Executive Director of the WPFL from the time of her appointment until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

71. All documents referring or relating to Jennifer Cada in general and as Associate Executive Director of the WPFL from the time of her appointment until the present date.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

72. All documents referring or relating to Dawn Berndt in general and as Director of Team Expansion of the WPFL from the time of her appointment until the present date.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

73. All documents referring or relating to Dawn Berndt in general and as Executive Director of the WPFL from the time of her appointment until the present date.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

74. All documents referring or relating to Charlene Daniels in general and as Secretary of the WPFL from the time of her appointment until the present date.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

75. All documents referring or relating to each Defendant Associate Teams Board Director and Alternate Director appointments from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

76. All documents referring or relating to Defendant Syracuse Sting and its' player roster for the 2004 season.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

77. All documents referring or relating to Defendant Dayton Rebellion and the 2004 WPFL season.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

78. All documents referring or relating to Defendant Missouri Avengers and their inability to host any home games during the WPFL 2004 season.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

79.    An exact copy of each Defendant Associate Teams contracts with its Players and Coaches reviewed by the WPFL or on file with the WPFE from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

80.    Any formal charge, complaint and/or grievance documents referring or relating to Plaintiffs from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

81.    All documents referring or relating to insurance policies the WPFL or any other Defendant Associate Team held from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

82.    All documents referring or relating to any Defendant Associate Teams delinquent and/or outstanding debts and/or bills at the conclusion of the 2002 or 2003 season.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

83.    All documents referring or relating to any dishonored check or checks issued by any Defendant Associate Team from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

84. All documents referring or relating to any charges or complaints, which resulted in Plaintiffs July 2003 suspension.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

85. All documents between referring or relating to Plaintiffs between Ms. Vessey and Ms. Robin Howington from the time of Ms. Vessey's hiring until the issuing of Plaintiffs July 2003 suspension.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

86. All documents between referring or relating to Plaintiffs between Ms. Vessey and any Executive Officer and/or Defendant Associate Team from the time of Ms. Vessey's hiring until the issuing of Plaintiffs July 2003 suspension.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

87. All documents referring or relating to Plaintiff Korpacz' July 2003 suspension.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

88. All documents referring or relating to the demands set forth in Plaintiffs July 2003 suspension.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

89.    All documents referring or relating to any votes pertaining to Plaintiffs July 2003
       suspension.

**RESPONSE:**

       Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

90.    All documents referring or relating to any alleged violation of Plaintiff Korpacz' July 2003
       suspension.

**RESPONSE:**

       Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

91.    All documents referring or relating to anyone who assisted Ms. Vessey in her investigation
       leading up to Plaintiff Korpacz' July 2003 Suspension.

**RESPONSE:**

       Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

92.    All documents referring or relating to whether Plaintiff Korpacz received any other
       suspensions during the 2003 season.

**RESPONSE:**

       Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

93.    All documents referring or relating to Plaintiff Korpacz receiving any other disciplinary
       actions taken against her or her team, Plaintiff New England Storm during the 2003
       season.

**RESPONSE:**

       Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work

product exemption, or generated in anticipation of litigation.

94.    All documents referring or relating to any WPFL Team, Owner or Officer who received any ty e of disciplinary action and/or suspension prior or during the 2003 season.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

95.    All documents referring or relating to Lisa Vessey and any reports and/or allegations of misconduct towards Ms. Vessey while attending Law School.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

96.    All documents referring or relating to Lisa Vessey and any reports and/or allegations of misconduct towards Ms. Vessey while in practice as an attorney.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

97.    All documents referring or relating to Ms. Vessey violating the WPFL Bylaws.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

98.    All documents referring or relating to Ms. Vessey violating the WPFL Policies & Procedures Manual.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

99.    All documents referring or relating to Ms. Vessey's unfair business practices and Federal
       Law violations.

**RESPONSE:**

       Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

100.   All documents referring or relating to Ms. Vessey's actions towards Plaintiffs and Plaintiffs
       repeated requests to intervene on their behalf from the date of Ms. Vessey's hire until the
       present.

**RESPONSE:**

       Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

101.   All documents referring or relating to the allegation that Plaintiff Korpacz "bounced" a
       check to the WPFL.

**RESPONSE:**

       Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

102.   All documents referring or relating to any other WPFL team that has ever "bounced" a
       check to the WPFL.

**RESPONSE:**

       Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

**RESPONSE:**

       Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

103.   All documents referring or relating to any other WPFL team that has ever "bounced" a

check to any of its sister teams in the WPFL.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

104.   All documents referring or relating to any other WPFL team that has ever "bounced" a check to a third party and/or vendor.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

105.   All documents referring or relating to any WPFL team who has ever "failed to appear" for a scheduled game.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

106.   All documents referring or relating to plaintiffs or any WPFL Team failing to appear for a scheduled game prior to the 2003 season.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

107.   All documents referring or relating to any WPFL Team that "failed to appear" for a WPFL scheduled game, who also received a monetary fine.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

108. All documents referring or relating to any WPFL team that was unable to host a scheduled WPFL home game in 2002, 2003, or 2004.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

109. All documents referring or relating to any WPFL team that was unable to host a scheduled WPFL home game in 2002, 2003, or 2004, receiving a monetary fine.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

110. All documents referring or relating to any WPFL team that was unable to secure an appropriate amount of players to ensure the completion of a WPFL season or the team's arrival to a WPFL scheduled game.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

111. All documents referring or relating to any team being required to place a deposit in a WPFL escrow account with respect to the aforementioned "failure to appear" or the inability to appear due to the appropriate amount of players.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

112. All documents that between August 2003 and December 31, 2003 referring or relating to the demands set forth in Plaintiffs July 2003 suspension.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work

product exemption, or generated in anticipation of litigation.

113.    All documents referring or relating to each Teams payment of their license fee to the
WPFL, including but not limited to the bank deposit statement indicating the date and
amount of said deposit as it coincides with each specific team's payment.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

114.    All documents referring or relating to any WPFL Board "Directive" that may have been
issued to Plaintiffs.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

115.    All documents referring or relating to any WPFL Board "Directive" that may have been
issued to any other WPFL Team.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

116.    All documents referring or relating to Plaintiff Korpacz' $1,500 license fee payment for
2003.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

117.    All documents referring or relating to any Teams failure to pay their licensee fee by a
specific due date from 2002 until present.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call

for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

118. All documents referring or relating to Teams in Good Standing.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

119. All documents referring or relating to Plaintiff Korpacz' suspension being continued until a May 30, 2003 fine to Defendant Syracuse Sting was paid.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

120. All documents referring or relating to Plaintiff Korpacz' request to appeal the above decision.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

121. All documents referring or relating to a May 30, 2003 deposit in the amount of $5,585.00 into the WPFL account by Plaintiff Korpacz'.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

122. All documents referring or relating to the above wire transfer and request from Plaintiff Korpacz' that her suspension be lifted.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work

product exemption, or generated in anticipation of litigation.

123.    All documents referring or relating to Plaintiffs being suspended from the WPFL indefinitely.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

124.    All documents referring or relating a June 4, 2003 phone conference between Plaintiff Korpacz, Lisa Vessey and Dee Kennamer as Director of Football Operations.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

125.    All documents referring or relating to any complaint, grievance and/or formal charge(s) filed against the Florida Stingrays from the time of their entry into the WPFL until the time of their withdrawal from the WPFL.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

126.    All documents referring or relating to the Florida Stingrays relating to the charges that were filed against them from Dallas Diamonds.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

127.    All documents referring or relating to the Florida Stingrays relating to the charges that were filed against them from Northern Ice.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

128.  All documents referring or relating to the Florida Stingrays and the charges that were filed against them by Plaintiffs.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

129.  All documents referring or relating to any Defendant Associate Teams who assisted in the investigation relating to any of the charges that were filed against the Florida Stingrays.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

130.  All documents referring or relating to obtained items during the investigation relating to the charges that were filed against the Florida Stingrays.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

131.  All documents referring or relating to any counter charges issued by the Florida Stingrays against any WPFL Team.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

132.  All documents referring or relating to the Florida Stingrays alleged counter claim against Plaintiff Korpacz for identity theft.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call

for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

133.  All documents referring or relating to the Florida Stingrays and their withdrawal from the WPFL.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

134.  All documents referring or relating to the Florida Stingrays Team owners suspension in October of 2003.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

135.  All documents referring or relating to the Notice to Show Cause to the Founding Members of the WPFL.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

136.  All documents referring or relating to Ms. Vessey's trips to the WPFL

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

137.  All documents referring or relating to any Defendant Associate Teams bringing charges against Plaintiffs.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work

product exemption, or generated in anticipation of litigation.

138.   All documents referring or relating to any solicitation of Defendant Associate Teams
bringing charges against Plaintiffs.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

139.   All documents referring or relating to each charge made by Robin Howington and/or
Defendant Houston Energy against Plaintiffs.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

140.   All documents referring or relating to each charge made by Dawn Berndt   and/or
Defendant Dallas Diamonds against Plaintiffs.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

141.   All documents referring or relating to each charge made by Charlene Daniels and/or
Defendant Indiana Speed against Plaintiffs.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work
product exemption, or generated in anticipation of litigation.

142.   All documents referring or relating to each charge made by Cabrina Gilbert and/or
Defendant Syracuse Sting against Plaintiffs.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call
for production of documents protected from disclosure by the attorney-client privilege, the work

product exemption, or generated in anticipation of litigation.

143.    All documents referring or relating to each charge made by Lisa Vessey against Plaintiffs.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

144.    All documents referring or relating to Plaintiffs possible expulsion/suspension from the WPFL as a result of bringing charges against the Plaintiffs.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

145.    All documents referring or relating to Plaintiffs possible expulsion/suspension from the WPFL as a result of conducting an Article VIII Hearing.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

146.    All documents referring or relating to Beth Markell notice and/or request to suspend the regular WPFL Board of Directors Meeting until after Plaintiffs Article VIII Hearing in Arizona.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

147.    All documents referring or relating to Plaintiffs Article VIII Hearing.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work

product exemption, or generated in anticipation of litigation.

148.    All documents referring or relating to the charges that were issued against Plaintiffs.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

149.    All documents referring or relating to the termination of Lisa Vessey from the WPFL prior to the March 2004 meeting.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

150.    All documents referring or relating to the any Storm player or staff who alleged that Plaintiff Korpacz violated her July 2003 suspension.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

151.    All documents referring or relating to the Semi-Annual Owners Meeting and Article VIII Hearing in Arizona during March 2004.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

152.    The audiotape of Plaintiffs Article VIII Hearing.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

153. All documents referring or relating to the votes that were collected during Plaintiffs Article VIII Hearing, including but not limited to the actual ballots.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

154. All documents referring or relating to Roberts Rules of Order and their use in Plaintiffs Article VIII Hearing.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

155. All documents referring or relating to any press release and/or internet postings relating to this Plaintiffs lawsuit or expulsion.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

156. All documents referring or relating to any cease and desist letter issued after Plaintiffs expulsion.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

157. All documents referring or relating to Plaintiffs continued use of the WPFL name and logo.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

158.   All documents referring or relating to any other Women's Football Team possibly being allowed to play in the New England area in the WPFL for either the 2003, 2004 or 2005 season.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

159.   All documents referring or relating to any team possibly being denied legal representation in this lawsuit if they were unable to play the WPFL 2004 season.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

160.   All documents referring or relating to any team possibly being denied legal representation in this lawsuit if in general.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

161.   All documents referring or relating to any alleged "extension" of the 2003 Associate Team contracts.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

162.   All documents, dated on or before March 8, 2004, referring or relating to the proposed restructure of the WPFL, WPFL Trust or WPFL Promotions, LLC, including but not limited to all documents to and from the Law Firm of Carlton, Wilde, Jones located in Houston, Texas.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

163. All documents, dated on or after March 9, 2004, referring or relating to the proposed restructure of the WPFL, WPFL Trust or WPFL Promotions, LLC.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

164. All documents referring or relating to any 2004 Associate Team contract.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

165. All documents referring or relating to any 2004 Member Team contract.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

166. All documents referring or relating to any 2004 Expansion Team contract.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

167. All documents referring or relating to any 2004 WPFL Team.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

168.   All documents referring or relating to the IWFL.

**RESPONSE:**

   Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

169.   All documents referring or relating to the NWFA.

**RESPONSE:**

   Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

170.   All documents referring or relating to the status of the New England Storm after Plaintiff's expulsion.

**RESPONSE:**

   Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

171.   All documents referring or relating to the sale of the Defendant Houston Energy.

**RESPONSE:**

   Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

172.   All documents dated after Plaintiffs expulsion referring or relating to the Women's Professional Football League also known as the WPFL.

**RESPONSE:**

   Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

173.   All documents dated prior to Plaintiffs expulsion involving the Law Firm of Carlton, Wilde, and Jones referring or relating to the Women's Professional Football League also known as the WPFL, Plaintiffs' and any Defendant Associate Team.

**RESPONSE:**

Objection: overly-broad; unduly-burdensome; irrelevant; harassing; as phrased, may call for production of documents protected from disclosure by the attorney-client privilege, the work product exemption, or generated in anticipation of litigation.

## RESPONSE TO REQUEST FOR PRODUCTION

Notwithstanding the foregoing, Defendant WPFL will produce non privileged, responsive documents at a mutually convenient time and place.