December 6, 2004

**VIA E-MAIL AND FIRST CLASS MAIL**
Melissa Korpacz
Cesari & McKenna
88 Black Falcon Ave.
Boston, MA 02210

      **Re:**   **New England Storm LLC v. Women's Professional Football League, et al.**
           **Case No. 04-10735-RWZ**

Dear Missi:

      I am in receipt of your December 6, 2004 e-mail and feel I must respond. What follows is my response to the itemized points contained in your e-mail:

      1.    As previously stated, I never agreed to extend the deadline for discovery. To be accurate, on December 1 I indicated to you that I thought Defendants would likely agree to an extension, but that a final decision had to be made in consultation with Carlton Wilde and the clients. I then informed you of that decision the very next day, December 2.

      2.    Your claim that the Northern Ice documents "have yet to surface" is false. As I told you on December 3, the non-confidential documents produced by the Northern Ice were mailed to you on that date. Moreover, a copy of the documents was e-mailed to you before 9:00 a.m. today, hours before you sent your e-mail to me. A privilege log was not included with those documents because Defendants did not withhold production of any documents. As I told you on December 5, the Northern Ice documents designated "Confidential" are ready for production. They will be produced as soon as I receive an executed copy of the Protective Order sent to you today.

      3.    As I have reiterated a number of times, the WPFL believes that its responses to plaintiffs' requests for production are sufficient and reasonable, particularly where plaintiffs abused the discovery process by serving 173 requests for production, and where the WPFL indicated that it would produce all responsive documents that are not subject to the attorney-client privilege or attorney work product doctrine. While not every WPFL document will be designated "Confidential," the number of documents that will be designated as such makes it much more convenient for all parties involved to

Melissa Korpacz
December 6, 2004
Page 2 of 2

produce all the documents simultaneously. As I stated in my letter of December 2, a mutually convenient date and time for the plaintiffs to inspect the WPFL documents can be arranged for the end of this week or the beginning of next week, assuming the parties execute the Protective Order prior to that time.

4. Defendants today served their Supplemental Answers to Plaintiffs' First Set of Interrogatories. Defendants believe these supplemental responses sufficiently answer plaintiffs' interrogatories, particularly in light of the objectionable nature of the interrogatories.

5. As I stated in my letter of November 30, your deposition notice for Lisa Vessey is improper and ineffective because Ms. Vessey is not a party to the above-referenced case. I previously told you, and now reiterate, that Ms. Vessey is willing to waive service of a subpoena if you will agree to do the deposition at a mutually convenient time and place. One week ago, I also provided you with dates when both Ms. Vessey and I were available to conduct the deposition, yet I have heard nothing from you in that regard.

I hope this addresses your concerns regarding the discovery issues upon which your e-mail referred. Defendants have always been willing to discuss discovery issues and to attempt to work out disagreements, despite your inaccurate characterizations to the contrary. Please contact me if you would like to further discuss any of these issues.

Very truly yours,

Brian D. Gross

BDG/r
cc:    Thomas O'Konski, Esq.
       Kevin Gannon, Esq.
       Carlton D. Wilde, Jr., Esq.
134603v1