UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MELISSA A. KORPACZ and            )
NEW ENGLAND STORM, LLC,           )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )   Civil Action
                                  )   No. 04-10735-RWZ
WOMEN'S PROFESSIONAL FOOTBALL LEAGUE )
et al.,                           )
                                  )
        Defendants.               )
_____)
WOMEN'S PROFESSIONAL FOOTBALL LEAGUE, )
LONG BEACH AFTERSHOCK,            )
THEE TOLEDO REIGN,                )
DELAWARE GRIFFINS,                )
SYRACUSE STING,                   )
HOUSTON ENERGY,                   )
ARIZONA CALIENTE,                 )
INDIANA SPEED,                    )
MISSOURI AVENGERS,                )
MINNESOTA VIXEN,                  )
DALLAS DIAMONDS,                  )
NEW YORK DAZZLES,                 )
LOS ANGELES AMAZONS,              )
SOCAL SCORPIONS,                  )
                                  )
        Counter-plaintiffs,       )
                                  )
    v.                            )
                                  )
MELISSA A. KORPACZ and            )
NEW ENGLAND STORM, LLC,           )
                                  )
        Counter-defendants.       )
_____)

**DEFENDANTS' SUPPLEMENTAL ANSWERS TO PLAINTIFF KORPACZ AND
PLAINTIFF NEW ENGLAND STORM'S FIRST SET OF INTERROGATORIES**

Defendants/Counter-Plaintiffs Women's Professional Football League ("WPFL"), Long Beach Aftershock, The Toledo Reign, Delaware Griffins, Dayton Rebellion, Syracuse Sting, Houston Energy Football, Inc., Arizona Caliente, Indiana Speed, Missouri Avengers, Minnesota Vixen, Dallas Diamonds, New York Dazzles

Football, Los Angeles Amazons, and SoCal Scorpions, (collectively, "Defendants"), by and through their counsel, hereby supplement their response, pursuant to Fed. R. Civ. P. 26 and 33, to Plaintiffs' First Set of Interrogatories.

The following responses are based upon information and writings presently available to and located by Defendants and their attorneys. Defendants have not completed their investigation of the facts relating to this action, have not completed discovery, and have not completed preparation for trial. The information provided in the following responses is without prejudice to Defendants' right to revise or supplement these responses if necessary.

### GENERAL OBJECTIONS

1. Defendants object to the following interrogatories to the extent they seek production of information subject to the attorney-client or other applicable privilege or information exempt from discovery pursuant to the work-product doctrine.

2. Defendants object to the definitions and instructions section of these interrogatories to the extent they purport to impose obligations inconsistent with or in addition to the Federal Rules of Civil Procedure.

3. The following responses are based on information now known. Defendants have not completed their discovery or preparation for trial in this action and, therefore, reserve their rights to amend, modify or supplement the objections or responses stated herein.

4. Defendants object to the interrogatories to the extent that they purport to require information not reasonably available to Defendants.

5. Defendants also object to these interrogatories to the extent they call for the application of law to fact because discovery has not been completed. Consequently, Defendants reserve their right to supplement or amend any and all of their answers which apply law to fact.

6. These general objections are incorporated by reference into each specific response below.

## INTERROGATORIES

INTERROGATORY NO. 1: For each of the numbered paragraphs in Plaintiffs' Amended Complaint that Defendant did not fully admit without qualification, state in detail the factual and legal bases for Defendants' refusal to admit all or part of the allegation and identify all documents which support or contradict such refusal.

ANSWER: Defendants object to this interrogatory on the grounds that it is a contention interrogatory and discovery has not been completed. Defendants also object to this interrogatory because it is vague and ambiguous in that it fails to identify the information requested with reasonable specificity. In addition, Defendants object to this interrogatory because it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to

this interrogatory because it seeks production of information subject to the attorney-client or other applicable privilege or information exempt from discovery pursuant to the work-product doctrine. Subject to and without waiving their objections, Defendants state that the bases for their responses to plaintiffs' allegations are set forth in their Answer to plaintiffs' amended complaint. Further answering, Defendants refer plaintiffs, pursuant to Fed. R. Civ. P. 33(d), to the documents Defendants will produce in this action upon the execution of a Protective Order. Subject to the foregoing, Defendants state that plaintiffs were properly expelled from the WPFL as a result of engaging in various behaviors that were detrimental to the league. These behaviors are well known to plaintiffs, as plaintiffs were given notice of these improper behaviors and given notice that these behaviors were being investigated by the league. The investigation culminated in a hearing, which plaintiffs attended. At the hearing, plaintiffs were allowed to present evidence in support of their position. Plaintiffs have no ownership interest in the WPFL or the WPFL logo, nor do they have a protectable interest in the other logos, slogans and other marketing material plaintiffs contend are at issue in this case. Neither a person nor an entity can "own" a not-for-profit corporation. In addition, plaintiffs never acquired or maintained an ownership interest in the WPFL logo. Further, plaintiffs have no legally cognizable interest in the other logos, slogans, or other marketing material they contend

4

are at issue in this case. Finally, given that plaintiffs have never been able to make a profit from their WPFL franchise, plaintiffs cannot prove that their proper exclusion from the WPFL has caused them any damage. Defendants reserve the right to supplement this interrogatory because discovery is ongoing and plaintiffs have not yet produced documents.

          As to Objections,

          The Defendants/
          Counter-Plaintiffs,

          By Their Attorneys,

          Brian D. Gross
          BBO No. 637718
          Kerri L. McComiskey
          BBO No. 651402
          COOLEY MANION JONES LLP
          21 Custom House Street
          Boston, MA 02110-3536
          (617) 737-3100

          and

          Carlton D. Wilde
          Pro Hac Vice
          FRANKLIN, CARDWELL & JONES
          1001 McKinney, 18th Floor
          Houston, TX 77002

Dated: December 6, 2004

CERTIFICATE OF SERVICE

I, Brian D. Gross, attorney for the Defendants/Counter-Plaintiffs in the above-captioned action, hereby certify that I served a copy of the foregoing upon all counsel of record via e-mail and first class mail, postage prepaid, on this 6th day of December, 2004.

_____
Brian D. Gross

134596v1

6