UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| NEW ENGLAND STORM, LLC and | § | |
|---|---|---|
| MELISSA KORPACZ, JD, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Docket Number:04-10735-RWZ |
| WOMEN'S PROFESSIONAL FOOTBALL | § | |
| LEAGUE, et. al., | § | |
| Defendants. | § | |

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT

The Women's Professional Football League ("WPFL") and the 14 individual team defendants (collectively, "Defendants") file this reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment. In support thereof, Defendants state the following.

## I. SUMMARY OF ARGUMENT

Defendants urge this Court to grant summary judgment because Plaintiffs have not and cannot produce any <u>evidence</u> that they suffered damages. Instead, Plaintiffs rely on: (1) conjecture and speculation; (2) misstatements of fact[1] and law; (3) claims of damages from extrinsic and irrelevant sources, including unpled claims against an unnamed third party; and (4) a disingenuous claim to need more discovery, when in reality it is Plaintiffs who are in possession of all documents which might evidence any alleged damages. Consequently, Plaintiffs cannot prove an essential element of their claims, and summary judgment is appropriate.

## II. ARGUMENT

A. <u>Plaintiffs Mistakenly Assert that Massachusetts Law Applies to Their Claims.</u>

Despite Plaintiffs' bald assertions to the contrary, it is clear that Texas law applies to Plaintiffs' claims.[2] Plaintiffs' breach of contract, tortious interference, and Chapter 93A claims are all based on conduct which Plaintiffs allege violated the WPFL Bylaws. In addition, all of the alleged defamatory

---

[1] The issue of damages was the reason Defendants suggested filing a motion for summary judgment. And, while defense counsel did state that it is irrelevant whether Plaintiffs can prove the allegations in their Amended Complaint, because they have no evidence that they suffered damages, Defendants did not agree that every allegation in the Amended Complaint would be deemed admitted for purposes of the motion.

[2] Texas law applies to all claims, save the infringement claims, which are governed by federal law.

statements are contained in documents drafted and distributed by the WPFL's Commissioner or Directors pursuant to the Bylaws. Interpretation of a corporation's bylaws involve issues of corporate governance. In such matters involving corporate governance, Massachusetts courts apply the law of the state of incorporation pursuant to the "Internal Affairs" Doctrine. See Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005). Plaintiffs concede that the WPFL is a Texas corporation. Thus, Texas law must apply to these claims. Similarly, Plaintiffs assert Defendants converted funds of the WPFL, a Texas corporation, which were contained in a Texas bank account, another claim to which Texas law must apply. Furthermore, none of the alleged transactions or injuries occurred in Massachusetts. Consequently, it is clear that Texas law applies to all of these claims.

    B.    Plaintiffs Misstate the Law

The Plaintiffs Opposition to Defendants' Motion for Summary Judgment contains clear misstatements and misapplication of the law. A shining example of this is Plaintiffs' remarkable statement that "a plaintiff may recover damages even though they may not have suffered any actual loss or harm." Opposition at p. 11, *citing* Leardi v. Brown, 394 Mass. 151 (Mass. 1985). Plaintiffs cite this case because they cannot demonstrate that they have suffered any damages. Moreover, Leardi does not help Plaintiffs, because it does not stand for the proposition for which they cite it. Leardi was a class action suit involving landlord tenant issues based on the Massachusetts Consumer Protection Act. Contrary to Plaintiffs' reading of the case, the court concluded that the plaintiffs *had been injured* and awarded *statutory* damages. See Id. at 159-160 (emphasis added). The case simply provides no exception to Plaintiffs because none of the Plaintiffs' claims provide for statutory damages. Thus, Plaintiffs must still prove damages (i.e., lost profits) to avoid summary judgment.

Plaintiffs reliance on Cuddy v. L and M Equipment Co., 352 Mass 458 (1967) (Opposition p. 11) and Stuart v. Town of Brookline, 412 Mass. 251 (1992) (Opposition p. 15) is also misplaced. Both Cuddy and Stuart involved negligence actions. However, the damages available in a negligence case, such as pain and suffering or emotional distress, are not available in cases sounding in breach of contract

2

or business torts, such as Plaintiffs' claims for tortious interference and conversion. In such cases, damages, if any, are measured by the profits lost by Plaintiffs as a result of their expulsion. See Atlas Copco Tools, Inc. v. Air Power Tool & Hoist, Inc., 131 S.W.3d. 203, 209 (Tex.App.-Fort Worth 2004), see also Maxvill-Glasco Drilling Company, Inc. v. Royal Oil and Gas Corp., 800 S.W.2d 384, 386 (Tex.App.-Corpus Christi 1990).

Plaintiffs also misstate the law with respect to the damages allegedly suffered by Plaintiff Korpacz when they argue that Korpacz is entitled to unspecified business funds that she may have used for her daily living expenses. Because the Storm is organized as a Single Member LLC (or sole proprietorship for tax purposes), the Storm and Korpacz "are one and the same." Opposition at p. 15. As a consequence," the Storm's net profit or loss is equivalent to Korpacz's income from the Storm. According to the Storm's Profit or Loss Statements (Opposition Exhibit 21-23), that income ranged from a high of $223 to a low of a $7,929 loss. Consequently, for the same reason the Storm cannot show a history of profitability, Korpacz cannot demonstrate a history of income from her work with the Storm, and any damages as a result of her expulsion.[3] Moreover, those same Profit or Loss Statements contain no entries related to Korpacz's living expenses. Therefore, if Korpacz did take money from her business for living expenses, it was not reported to the Internal Revenue Service, and thus there is no evidence to support the claim.

In addition, Plaintiffs misstate the law as it relates to damages allegedly suffered by the New England Storm when they argue: "[t]he amount shown as gross receipts Plaintiffs took in for the previous years should be recoverable as damages, and the fact that there are little to no net profits is irrelevant." Opposition at 15. While Plaintiffs would love for the Court to consider only revenue in determining damages, the law is otherwise. In Holt Atherton v. Heine, 835 S.W.2d 80, 87 n. 1 (Tex. 1992), the Texas Supreme Court made clear that the correct measure of damages is lost profits, specifically net profits ("the correct measure of damages is lost net profit, not gross profits."). Moreover, any attempt by Plaintiffs to

---

[3] According to the Profit or Loss Statements (Opposition Exhibits 21-23), both the Storm and Korpacz suffered a loss totaling $7,638 from 2001-2003 (the only period for which we have financial information).

argue that they may have been profitable if they knew they would be expelled is nothing more than conjecture and speculation, which is not evidence of damages. See City of Dallas v. Villages of Forest Hills, 931 S.W.2d 601, 605 (Tex.App.-Dallas 1996) (damages not recoverable if they are speculative or conjectural). Therefore, the Storm cannot demonstrate damages as a matter of law.

C.  Plaintiffs Offer No Evidence of Damages Recoverable Against Defendants

Plaintiffs' attempts to prove injury by offering extrinsic and irrelevant sources of "damages" likewise must fail. First, Plaintiffs rely on Defendants' Offer of Judgment to show damages. Opposition at p. 11. There is simply no authority for that proposition. In fact, by its express terms Fed. R. Civ. P. 68 makes clear that "evidence [of an Offer of Judgment] is not admissible except in a proceeding to determine costs." The Offer of Judgment is thus extraneous and irrelevant, and does nothing to relieve Plaintiffs of their burden to prove damages.

Plaintiffs next misguidedly argue Korpacz is entitled to damages for loss of her "original investment." Opposition at 12-14. Korpacz is not, however, entitled to recoup her "original investment" for at least three reasons. First, this "expectation interest" is not one of the four categories of damages typically recognized in a business tort case in Texas. See Defendants' Motion for Summary Judgment at 7-8 (listing four types of damages recoverable for economic injury). Second, even if an "expectation interest" was recoverable, it would constitute special damages, which Texas requires be pled as such. Tex. R. Civ. P. 56. When a plaintiff does not specifically plead special damages, she waives her right to recover those damages. Harkins v. Crews, 907 S.W.2d 51, 61 (Tex. App.–San Antonio 1995, *writ denied*).

Finally, Korpacz cannot recover her "original investment" because she not only failed to provide evidence that she actually paid that money (other than unsupported assertions in an affidavit), but more importantly, any money allegedly paid was "invested" in World Wide Sports LLC ("WWS"), the owner of the original Women's Professional Football League ("Original WPFL"), not the Defendant WPFL. WWS is not a party to this case, and has no relationship to the current WPFL or any of the other

4

Defendants. *See* Howington Affidavit at 3-6, attached hereto as Exhibit 1. Korpacz allegedly paid money to WWS ($78,000 according to Plaintiffs) in 2000 when she joined the Original WPFL. WWS later "swindled" her money and left the business. *Id.* Korpacz, along with Robin Howington and Dee Kennamer then formed the current WPFL, which they incorporated in 2002. *Id.* at 8. Korpacz invested no money in the Defendant (current) WPFL, and in fact, paragraph D of the WPFL Organization Agreement (Opposition Exhibit 18) expressly waives the Member Team Initiation Fee for the founding members, including Plaintiffs. *Id.* at 9. Thus, any claim Plaintiffs have for loss of their original investment is against WWS, not the Defendants in this suit.

In addition, Korpacz is not entitled to any recovery related to her ownership of WPFL Promotions, LLC ("Promotions"), a corporation distinct from the WPFL.[4] While it is true that as a founding member Korpacz was issued 750,000 units in Promotions, she did not invest any money in Promotions in return for these units. *Id.* at 10. But more importantly, Korpacz has no cause of action because Promotions is an ongoing enterprise in which Korpacz still owns her units. *Id.* at 11. Korpacz's expulsion has done nothing to affect her ownership interest in Promotions or the value of that ownership. *Id.*

Finally, Plaintiffs are not entitled to recompense for the alleged $40,000 worth of equipment plaintiff lost for two reasons. First, it is not a natural, probable, and foreseeable consequence of Plaintiffs' expulsion that Plaintiffs would allow the alleged equipment to be seized and sold for failure to pay storage fees. *See* City of Dallas, 931 S.W.2d at 605 (to recover, damages must be the natural, probable, and foreseeable consequence of defendant's conduct or within the parties' contemplation). In addition, Plaintiffs have submitted no evidence that they actually purchased and owned this equipment. Plaintiffs failed to submit any receipts or other documents to prove they purchased the equipment or to approximate its value. Moreover, Plaintiffs' Profit or Loss Statements (Opposition Exhibits 21-23) do not

---

[4] *See* WPFL Promotions, LLC Articles of Organization (Opposition Exhibit 18). Promotions is not a party to this case.

contain any entries which evidence purchases of equipment, only rental of equipment.[5] Thus, Plaintiffs have no evidence that they suffered any damages recoverable against Defendants, and summary judgment should be granted.

      D.    Plaintiffs Disingenuously Assert That They Need Additional Discovery To Respond To Defendants' Motion for Summary Judgment.

Plaintiffs speciously claim that summary judgment is inappropriate because Defendants have not completed the production of documents to Plaintiffs. This argument is misleading and untrue because all documents concerning their alleged damages are in Plaintiffs', not Defendants', possession.

### III. CONCLUSION

All of Plaintiffs claims must fail because Plaintiffs have not, and cannot, prove an essential element of all their claims—namely that they suffered any damages, and summary judgment should enter.

Respectfully submitted,
Defendants, by their attorneys,

/s/ Brian D. Gross
Brian D. Gross, BBO #637718
Patrick S. Tracey, BBO #659626
COOLEY MANION JONES, LLP
21 Custom House Street
Dated: June 10, 2005    Boston, MA 022110-3536
and
Carlton D. Wilde
Pro Hac Vice
FRANKLIN, CARDWELL & JONES
1001 McKinney, 18th Floor
Houston, Texas 77002

### CERTIFICATE OF SERVICE

This is to certify that on this 10th day of June, 2005 a true and correct copy of the foregoing motion was served upon all counsel of record via first class mail, postage prepaid.

/s/ Brian D. Gross
Brian D. Gross

---

[5] That may be because Robin Howington purchased the Storm's equipment. Howington Affidavit at 5.

6