UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND STORM, LLC., ) <br> MELISSA A. KORPACZ, JD ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WOMEN'S PROFESSIONAL ) <br> FOOTBALL LEAGUE ("WPFL") et al ) <br> ) | CIVIL ACTION NO: 04-10735-RWZ |

**PLAINTIFFS' SURREPLY IN RESPONSE TO DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Melissa A. Korpacz ("Korpacz") and New England Storm, LLC ("Storm") (collectively "Plaintiffs") respectfully submit this Surreply in response to Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment ("Defendants' Reply").

## I. SUMMARY OF ARGUMENT

Defendants' Reply seeks to distort the facts of this case and mislead the Court. The sole issue before this Court was whether or not Plaintiffs can establish their entitlement to damages as a result of Defendants' presumed wrongdoing. Clearly Plaintiffs did that. Plaintiffs' Opposition established that Plaintiffs have suffered damages as a result of Defendants' breach of contract, defamation, tortious interference with contractual and advantageous relationships, trademark infringement, conversion and unfair and deceptive business practices and that there are genuine issues of material fact with respect to the dollar amount to be attributed to those damages which should be determined by a trier of fact. As such, Defendants' Motion for Summary Judgment should be denied.

What is most telling about Defendants' Reply is their **silence** with respect to many of the damages alleged by Plaintiffs. Defendants complete failure to address, refute and/or rebut many of Plaintiffs' strongest arguments regarding the damages, in and of itself, requires that this Court deny Defendants' Motion for Summary Judgment.

## II. ARGUMENT

**A. <u>Plaintiffs Offered Evidence of Damages, Which Defendants Failed To Address, Refute or Rebut</u>**

    1.    **Defamation**

Defendants argue that damages for pain and suffering or emotional distress are not available in cases involving breach of contract or conversion, yet they neglect to mention that such damages are recoverable in defamation cases. A plaintiff can withstand a motion for summary judgment by showing that: (1) a defendant made a statement regarding the plaintiff to a third party; (2) the statement was published; (3) the statement could damage the plaintiff's reputation in the community; (4) the defendant was at fault; or (5) *the statement either caused actual loss or is actionable without proof of economic loss.* <u>Ravnikar v. Bogojavlensky</u>, 438 Mass. 627, 629-30 (Mass 2003).

Defamation is actionable without proof of economic loss and a plaintiff can recover non-economic losses, including emotional injury and damage to reputation when the defamation includes: (1) statements that charge the plaintiff with a crime; (2) statements that allege the plaintiff has a loathsome disease; or (3) statements that may prejudice the plaintiff's profession or business. <u>Shafir v. Steele</u> 431 Mass. 365, 373 (Mass 2000). Defendants clearly made such statements. Presumed and punitive damages are recoverable in defamation cases involving matters of private concern even absent a showing of actual malice, (based solely on a showing of malice). <u>Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.</u>, 472 U.S. 749 (1985). Actual damages simply need not be proven in such cases.

Defendants' contention that the Notice of Charges issued against Plaintiffs containing allegations of crimes and other unsavory conduct were distributed only to WPFL board members and that there were no defamatory statements beyond those charges, is also simply false. *(See Exhibits 13, 16 and 20 - Attached to Plaintiffs' Opposition.).* Plaintiffs' Opposition clearly established that (1) Defendants' defamatory remarks were ongoing and went well beyond the Notice of Charges which claimed Plaintiff Korpacz committed crimes and engaged in other conduct disparaging of Plaintiff Korpacz and her' profession or business. *(See Exhibit 13 Attached to Plaintiffs' Opposition),* and (2) the Notice of

Charges were sent to individuals who were not part of the Board, yet were allowed to participate in Plaintiffs' Expulsion Hearing. *(See Exhibits C and D Attached to the Declaration of Melissa Korpacz).*

Moreover, Plaintiffs' Opposition alleged certain medical damages as well as emotional pain and suffering. Defendants' Reply was once again silent with respect to these damages. Defendant's failure to even address these damages requires that their Motion be denied as mental distress is sufficient to allow defamation claims to go to a jury. Shafir, 431 Mass. at 366.

2. **Tortious Interference With Contractual and Business Relations**

Defendants are also incorrect with respect to Plaintiffs' ability to recover for emotional harm based upon Defendants' tortious interference with contractual or business relations. Massachusetts allows recovery for damages including emotional distress or actual harm to reputation if the damages are reasonably expected to result from Defendants' interference. Mailhoit v. Liberty Bank & Trust Co., 24 Mass. App. Ct. 525, 528 (1987); Restatement (Second) Torts § 774A(1)(c)(1977). Given the nature of Defendants' ongoing interference, it was foreseeable that Plaintiffs would suffer emotional distress.

3. **Conversion**

Plaintiffs' Opposition demonstrated that there was $36,000 left over at the conclusion of the 2003 season *(See Exhibits 8 and 25 Attached To Plaintiffs' Opposition)* and that those funds were spent by Defendants who (1) were no longer legally affiliated with the WPFL or authorized to spend WPFL funds because their contracts had expired, and (2) utilized WPFL funds for their own benefit in obtaining legal advice as to their status in the WPFL and Plaintiffs' expulsion. *Id.* Defendants' Reply absolutely failed to respond or address the aforementioned claim to damages.

Defendants' contention that all evidence needed to prove damages is in Plaintiffs' possession is simply false. Despite repeated requests, Defendants have failed to produce WPFL and Team financials through present. Once Defendants turn over requested financials, Plaintiffs will be able to specify with reasonable certainty the amounts generated after January 1, 2003 that, in part, belong to Plaintiffs.

4. **Trademarks**

Defendants Reply is also silent with respect to Plaintiffs' claim of damages due to the Defendants' unlawful use of the WPFL logo and slogan "It's Our Turn To Play". It was to be presumed, for purposes of Defendants' Motion, that Plaintiffs own these marks, and that Defendants have unlawfully used these marks without authorization and without accounting to Plaintiffs. Moreover, Plainitffs established that Defendants' ownership claim of the WPFL logo is without merit because all Defendants, with the exception of Defendant Houston Energy, were not even affiliated with the WPFL at the time the Founding Members negotiated, purchased and registered the WPFL logo. *(See Exhibit 10 Attached to Plaintiffs' Opposition)*. Therefore, Plaintiffs are entitled to Defendants' profits and because of the willfulness of Defendants' infringement, their attorneys' fees as well. Tamko Roofing Products, Inc. v. Ideal Roofing Co., Ltd., 282 F.3d 23 (1st Cir. 2002)(trademark owner was entitled to an award of its attorneys' fees and the infringer's entire profits where infringement was willful, even though the parties did not compete in all phases of the business). Because Defendants have failed to produce financials showing profits made as a result of their unauthorized use of Plaintiffs' marks, it is impossible to specify a definite damage amount.

5. **Potential Players and Sponsors**

A plaintiff is entitled to consequential damages if she proves with sufficient evidence that the breach of contract proximately caused loss of professional opportunities. Redgrave v. Boston Symphony Orchestra, Inc., 855 F.2d 888 (1st Cir. 1988). Clearly, Plaintiffs showed this and provided evidence of potential sponsors and players that would have participated in the 2004 season *(See Exhibit 24 – Attached to Plaintiffs' Opposition)*. Yet again, Defendants Reply failed to address these damages.

B. **Defendants Continued Mistake of Applicable Law**

Defendants' Reply continues to incorrectly argue that Texas law applies. The WPFL, which happens to be incorporated in Texas, is only one of the fifteen defendants named in this case. In addition, Plaintiffs' causes of action are not governed solely by an interpretation of the WPFL Bylaws,

4

nor do all of Plaintiffs causes of action arise as a result of Defendants violation of the WPFL Bylaws. Accordingly, the "Internal Affairs" Doctrine does not dictate the applicable law.

Moreover, with respect to defamation, this Court is not required to follow Massachusetts law regarding punitive damages in libel actions based on libel published in states other than Massachusetts and should follow the law of the state(s) in which the cause of action arose and the injury occurred. O'Rielly v. Curtis Pub Co., 31 F. Supp. 364, 365. It is well settled that the injury is where the publications occurred. Continental Cablevision v. Storer Broadcasting Co., 653 F. Supp. 451 452 (1986). Therefore, each of Defendants' various defamatory publications gives rise to separate causes of action and Defendants' liability for libel published in each state is governed by the laws of each particular state including but not limited to New York, Minnesota, Missouri, Arizona, etc.

## C. Defendants Mislead This Court With Respect To WPFL Promotions

Defendants' representation that WPFL Promotions is currently a viable existing entity is by far the most disingenuous statement made to date. Defendants' knew that Promotions was an entity formed for no purpose other than to market and promote the WPFL. *(See Exhibits 8 and 18 Attached to Plaintiffs' Opposition)* Despite years of contractual performance by Promotions, once the Defendants breached their contract with Promotions, the Promotions units became virtually valueless and the entity became effectively a nullity. Defendants' representation that the units issued to Plaintiff Korpacz as a Founding Member, for her hard work in creating and developing the WPFL, are still viable is false. The reality is that Defendants knew that the WPFL Founding Members had put everything with respect to their potential return on investment into Promotions and when Defendants breached their contract with Promotions, the Founding Members' units were effectively rendered valueless.

### III. CONCLUSION

For the reasons set forth above and in Plaintiffs' Opposition, Defendants' Motion for Summary Judgment should be denied.

Dated: June 17, 2005

                              MELISSA A. KORPACZ (Pro Se)

                              _____
                              Melissa A. Korpacz - Pro Se
                              P.O. Box 808
                              Medford, MA  02155
                              781-866-9700 (phone)
                              617-951-3927 (fax)

### CERTIFICATE OF SERVICE

    I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by first class mail on June 17, 2005:

                              Brian D. Gross
                          COOLEY MANION JONES LLP
                          21 Custom House Street
                            Boston, MA  02110

                            Carlton D. Wilde, Jr.
                  FRANKLIN, CALDWELL & JONES, PC
                       1001 McKinney, 18th Floor
                            Houston, TX 77002

                            _____